# Graver's Petition.

*Feme sole trader—Married woman—Failure of husband to support wife—Wife's refusal to live with husband—Refusal of petition —Act of May 28, 1915, P. L. 639—Appeal—Review—Certiorari— Practice, Supreme Court.*

1. In order to entitle a married woman to the right to be declared a feme sole trader, the husband's failure to support his wife and children must be such as to constitute a breach of duty on his part; and where the wife, by her own voluntary acts, makes it impossible for her husband to support herself or child, she cannot take advantage of the status which she has thus created.

2. A petition of a married woman to be declared a feme sole trader under the Act of May 28, 1915, P. L. 639, was properly refused where it appeared that after the marriage of petitioner and her husband, the husband, who was without means, lived with petitioner, who was a woman of large estate; that they lived together for five years; that on the pretext of taking an automobile ride she left him with her child, went to a distant city and then had her husband evicted from her home and thereafter refused to have anything to do with him; and after a year had elapsed from the time she left filed a petition to be declared a feme sole trader; that she admitted that she would not have accepted support from him; and on conflicting testimony as to whether the husband's dictatorial conduct was the cause of the separation, the court found in favor of the husband and placed the blame for the separation upon the wife.

3. An appeal from a decree entered upon petition of a married woman to be declared a feme sole trader is in substance a certiorari,

and while the merits cannot be reviewed, the Supreme Court is entitled to inspect the whole record, having regard to the regularity and propriety of the proceedings, to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion.

Argued Oct. 17, 1917. Appeal, No. 46, Oct. T., 1917, by Nellie Aiken Graver, from decree of C. P. Allegheny Co., July T., 1916, No. 2088, refusing petition in matter of the petition of Nellie Aiken Graver to be decreed a feme sole trader. Before BROWN, C. J., POTTER, MOSCH-ZISKER, FRAZER and WALLING, JJ. Affirmed.

Petition to be decreed a feme sole trader. Before REID, J.

The facts appear by the opinion of the Supreme Court.

The lower court dismissed the petition. Petitioner appealed.

*Error assigned*, among others, was in dismissing the petition.

· *James Gay Gordon*, with him *Paul S. Ache* and *Morse J. Keller*, for appellant.—While the Act of May 28, 1915, P. L. 639, does not provide for an appeal, the right of appeal exists: Appeal of the Commissioners of Northampton County, 57 Pa. 452; Commonwealth v. Beaumont, 4 Rawle 366; Ruhlman v. The Commonwealth, 5 Binn. 24; Case of Hummell and Bishoff, 9 Watts 416; Franklin Film Manufacturing Corporation, 253 Pa. 422; Robb's Nomination Certificate, 188 Pa. 212; Independence Party Nomination, 208 Pa. 108; Foy's Election, 228 Pa. 14.

Petitioner is entitled to a decree declaring her a feme sole trader: where her husband admits that he had never contributed anything to her support from the time of her marriage: Hœdt's Petition, 43 Pa. C. C. Reports 459; Frank's Petition, 44 Pa. C. C. Reports 625; Re Petition to be Declared Feme Sole Trader, 64 Pitts. 333; Heineman's Petition, 64 Pitts. L. J. 565; Shaw's Estate, 54 Pa. Superior Ct. 444.

*M. W. Acheson, Jr.,* of *Sterrett & Acheson,* with him *Drayton Heard,* for appellee.—A person cannot take advantage of his own wrong to gain a favorable interpretation of the law: Cook v. Fisk, 78 Mass. 491.

Petitioner's flight from her home and her admission that she would not have accepted any support from her husband had he offered it, are sufficient to prevent a decree from being made in her favor: Weller v. Weller, 213 Pa. 265; Heineman's Petition, 64 Pitts. Legal Journal 565; In re Petition to be Declared Feme Sole Trader, 64 Pitts. Legal Journal 333.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This appeal is by a married woman from an order dismissing her petition to be declared a feme sole trader under the Act of May 28, 1915, P. L. 639.

Mrs. Nellie Aiken Graver, the petitioner, and Dr. Edward Graver, the respondent, were married in 1910. She was a woman of ample fortune and resided with her mother in their home on Fifth avenue, Pittsburgh. After the marriage Dr. Graver lived with them, but, as he was without means, they continued to maintain the home at their joint expense. Mr. and Mrs. Graver have one child, a daughter, born in 1912. Thereafter the doctor devoted his attention largely to the care and nurture of the child, as he was not in active practice. Mrs. Graver became ill in the fall of 1914, and so continued until late the following spring, when she had so far recovered as to go out for automobile rides. On May 18, 1915, she left the home apparently to take her usual morning ride with the nurse and child, but in reality was driven to the Union Station, where she was joined by her mother and a detective and took a train for New York. The doctor had no intimation of his wife's departure until later the same day when her agents, or those of her mother, came and ejected him from their home; since which time he has resided with his mother on the opposite side of the avenue. From that time until the hearing in this case, Mrs. Graver with her

mother and the child had resided in and about New York, and never communicated with Dr. Graver or advised him of their whereabouts. He sent his wife one letter to her Pittsburgh address ,but received no answer. He was never requested to and never did contribute anything financially towards the support of his wife or child. In June, 1916, Mrs. Graver filed her petition in this case to be declared a feme sole trader. The doctor has not seen his child since they left Pittsburgh as above stated, nor his wife except at hearings in this case.

Mrs. Graver gives various reasons for the separation, among others, that her husband assumed such an indifferent and sullen attitude towards herself and her mother, and such dictatorial and unreasonable management of the child, as caused the wife's sickness above referred to and compelled her departure; after which she rapidly regained her health. Dr. Graver denies every allegation of misconduct on his part and avers that his conduct was ever what a husband's should be, and that he gave his wife no cause for separation from him and is desirous of renewing their marital relations. The evidence is conflicting. Her physician testifies that while he advised a change of surroundings, etc., he had no thought of a separation from her husband. The learned judge, who saw the witnesses and heard the testimony, found the disputed facts in favor of the husband and placed upon the wife the blame for the separation.

This appeal is in substance a certiorari, and, while we cannot review the merits, yet "we are entitled to inspect the whole record with regard to the regularity and propriety of the proceedings to ascertain whether the court below exceeded its jurisdiction or its proper legal discretion." See opinion by our Brother MOSCHZISKER in Franklin Film Mfg. Corporation, 253 Pa. 422. It is earnestly urged for appellant that the court's findings of facts constitute an abuse of legal discretion. We are not prepared to sustain that contention but do not regard it necessary to so pass upon the findings in view of what

we consider the controlling question.   To bring a case within the statute relating to feme sole traders, the parties must have lived apart and separate and all marital relations between them ceased for one year or more; and it must appear that during that time "the husband ......has not supported his wife, nor their child or children, if any they have," nor contributed toward their support.   The case may seem to come within the language of the statute as the parties lived separate and apart for the required time, during which the husband contributed nothing toward the support of his wife or child.   But the undisputed evidence is that Mrs. Graver took the child and secretly left their home and lived in a large city in another state and kept from her husband knowledge of her going and the place to which she went. After departing from her home she did not communicate with him, directly or indirectly; and gave him no opportunity to provide support for herself or child, and testifies that had he offered to do so she probably would not have accepted it.   By her own voluntary acts Mrs. Graver made it practically impossible for her husband to support herself or child and cannot take advantage of a status which she thus created, nor charge him with the failure to perform that which she made it impossible for him to do.   In our opinion the failure of the husband to support his family, contemplated by the act, must be such as to constitute a breach of duty on his part.   As our conclusion on this branch of the case necessarily sustains the order of the court below, we refrain from further discussion.

The appeal is dismissed at the costs of the appellant.