Ramsey's Case.

*Husband and wife—Married women—Feme sole trader—Failure to support—Desertion by wife—Act of May 28, 1915, P. L. 639.*

1. To enable a married woman to be decreed a feme sole trader under the Act of May 28, 1915, P. L. 639, the failure of the husband to furnish support must be such as to constitute a breach of duty on his part.

2. A wife who deserts her husband and neither offers to return nor calls upon him for support, is not entitled to a decree based upon an assumption of his default.

Argued March 25, 1921. Appeal, No. 420, Jan. T., 1921, by Jane Mount Ramsey, from order of C. P. No. 3, Phila. Co., June T., 1920, No. 4116, dismissing petition for decree declaring petitioner a feme sole trader, in case of application of Jane Mount Ramsey. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Petition for decree declaring petitioner a feme sole trader. Before MCMICHAEL, P. J.

The opinion of the Supreme Court states the facts.

The court dismissed the petition. Petitioner appealed.

*Error assigned* was refusal of petition.

*Frank B. Stockley,* for appellant, cited: Ulrich's Case, 267 Pa. 233; Orrell v. Van Gorder & Sheppard, 96 Pa. 180; Harley v. Leonard, 4 Pa. Superior Ct. 435.

*Robert H. Morrow,* with him *William Y. Tripple,* for appellee.

OPINION BY MR. JUSTICE WALLING, May 26, 1921:

In July, 1920, Mrs. Jane Mount Ramsey presented her petition to the court below praying that she be decreed a feme sole trader,—with averments as specified in the Act of May 28, 1915, P. L. 639; to which her husband, Thomas Ramsey, filed an answer denying the material averments of the petition. Thereupon the court heard testimony and filed an opinion refusing the prayer of petitioner; from which she brought this appeal. Mr. and Mrs. Ramsey had lived apart for more than two years, but the evidence fully sustains the finding of the trial court, "that she voluntarily and of her own accord

left her husband." After the separation she lived upon the income of her own estate and made no demand upon her husband for support. There is neither evidence nor finding of any default upon his part; hence, the case is governed by Garver's Petition, 260 Pa. 186, where it is held that to enable a married woman to be decreed a feme sole trader under the Act of 1915, the failure of the husband to furnish support must be such as to constitute a breach of duty on his part. In King v. Thompson and Wife, 87 Pa. 365, a like construction is placed upon the Feme Sole Trader Act of May 4, 1855, P. L. 430. A wife who deserts her husband, and neither offers to return nor calls upon him for support, is not entitled to a decree based upon an assumption of his default. As Mrs. Ramsey is a helpless invalid, totally unable to engage in any trade or business, she sustains no apparent injury by the refusal of her petition.

The appeal is dismissed at the costs of appellant.