## Bremer's Petition.

*Husband and wife—Married women—Feme sole trader—Desertion—Nonsupport—Tenancy by curtesy—Acts of May 4, 1855, P. L. 430; May 28, 1915, P. L. 639, and June 7, 1917, P. L. 429.*

1. Where it appears that a husband had contributed nothing to the support of his wife from the time of their marriage, and that he had lived apart from her for more than a year, the wife is entitled under the Acts of May 4, 1855, P. L. 430, and May 28,

1915, P. L. 639, to a certificate as a feme sole trader, although she had an estate of her own sufficient for her needs.

2. In such case the court may properly enter an order that the husband should lose his right as tenant by the curtesy, under the intestate laws, if he should survive his wife.

3. That the provision as to curtesy in the Act of 1855 is repealed by the Intestate Act of June 7, 1917, P. L. 429, does not prevent the court from making such decree.

Argued January 17, 1924. Appeal, No. 257, Jan. T., 1924, by Howard B. Bremer, husband of petitioner, from order of C. P. No. 1, Phila. Co., Dec. T., 1922, No. 8126, granting certificate to his wife as feme sole trader, in Petition of Bessie D. Bremer. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for certificate as feme sole trader. Before MCDEVITT, J.

The opinion of the Supreme Court states the facts.

Petition granted. Howard B. Bremer, husband of petitioner, appealed.

*Error assigned* was order, quoting it.

*Edward S. McKaig,* with him *E. W. Manderson,* for appellant.—The petition should have been refused: Graver's Petition, 260 Pa. 186; Hoedt's Petition, 43 Pa. C. C. R. 459; Jacobs v. Featherstone, 6 W. & S. 346; Phillips's Est., 271 Pa. 129; Weller v. Weller, 213 Pa. 265.

*Joseph L. Kun,* of *Sundheim, Folz & Kun,* for appellee, cited: Kvist's Est., 256 Pa. 30; Ulrich's Case, 267 Pa. 233.

OPINION BY MR. JUSTICE SADLER, February 11, 1924:

Mrs. Bessie D. Bremer presented her petition to the court of common pleas asking that there be granted to

her a certificate as a feme sole trader, as authorized, under certain circumstances, by the Act of May 28, 1915, P. L. 639. It was averred that she had lived separate and apart from her husband for a year or more, and that all marital relations between them had ceased, and, further, that for a like period she had not been supported by him, but from the income of her separate estate. The Act of May 4, 1855, P. L. 430, provided for a decree, such as was asked, when the "husband, from drunkenness, profligacy, or other causes, neglected or refused to provide for his wife, or deserted her [in which case she should] have the rights and privileges secured to a feme sole trader." The grounds justifying such a decree were extended by the Act of May 28, 1915, so as to include cases where wilful and intentional separation did not appear, and provided for the situation where the husband had ceased to live with and support the wife: Ulrich's Case, 267 Pa. 233. Of course, if she refused aid offered, or by her actions made it impossible for the husband to communicate with her and supply it, such certificate would not be granted (Graver's Petition, 260 Pa. 186), or if it appeared that she has made no demand for assistance, or declined it when tendered, a like result will follow: Ramsey's Case, 270 Pa. 564. The act, however, does authorize the decree where there has been a failure to furnish support, though the wife has ample income of her own.

Here, the parties were married in 1901, and lived together at the home of the wife's father for many years, then removing to another house purchased by him, and subsequently to Merion. Difficulties arose because of the attention of the husband to other women, and his repeated absence from the family residence. This ended in Mrs. Bremer leaving the house temporarily, though the husband remained. On January 30, 1919, she returned and there met the respondent. A dispute arose which ended in the husband's withdrawal, and the removal of his personal property to a storage warehouse.

He claimed his departure was solely due to the demands of his wife, who, because of his conduct, refused to reside longer with him. Subsequent attempts at reconciliation failed.

It appeared that practically no support of the household had been furnished by the husband from the time of his marriage, he being employed at a small salary by his brother-in-law, and the wife being possessed of individual means. Notwithstanding this, it was incumbent upon the respondent to aid in the maintenance of the family in so far as his income would permit, and apparently no effort was exerted by him to perform this legal obligation.

Prior to the institution of this proceeding a formal demand was made that he furnish support, but none was supplied for more than a year before the filing of this petition, and the facts already adverted to were shown at the hearing which followed. By the terms of the Act of 1915, if there has been a failure to assist in maintaining, the wife is entitled to a certificate as a feme sole trader, though, as already noticed, her own private estate provided an income sufficient for her needs, and we see no reason why this statutory provision should not be enforced in the present case. The legislation referred to does not require proof of wilful and malicious desertion, but merely that "the man and wife live apart and separate for one year or more, and all marital relations between them have ceased," and the husband for a like period has not supported his wife. These essential facts were all proven in the court below and found affirmatively. It follows that the decree granting a certificate to Mrs. Bremer as feme sole trader was properly entered.

It was further directed that the husband should lose his right as tenant by the curtesy, under the intestate laws of the Commonwealth, if he should survive his wife. Such order was properly entered under the Act of May 4, 1855, P. L. 430, and the Act of May 28, 1915, P. L. 639. The earlier legislation directed, in section 2, that when

a certificate as a feme sole trader was granted "her property, real and personal, however acquired, shall be subject to her free and absolute disposal during life, or by will, without liability to being interfered with or obtained by such husband, and in case of her intestacy shall go to her next of kin as if he were previously dead," and a like provision appears in the later statute. The law, so far as the wife's property is concerned, places the living parties, after decree entered, in a position as if they had never been married, and debars the husband from any rights in the wife's estate.

It is true that section 5 of the Act of 1855, deprived the husband of his right of curtesy where the wife died, in case it could be shown that he had neglected or refused to provide for his spouse, or had wilfully and maliciously deserted her for a year previous to the death, and this section is repealed by the Intestate Act of June 7, 1917, P. L. 429, which, however, makes similar provision in its fifth section (P. L. 435). This, does not prevent the court from making the like order where the fact of nonsupport for more than one year has been established, but regulates the interests of the parties where death had ensued, without securing the certificate as a feme sole trader while living. We are, therefore, of the opinion that the decree entered was properly made, and the assignments of error are overruled.

The decree is affirmed at the costs of appellant.