## Harper's Petition.

*Husband and wife — Feme sole trader — Separation by mutual consent—Desertion—Act of May 28, 1915, P. L. 639.*

1. The Feme Sole Trader Act of May 28, 1915, P. L. 639, does not require that the separation should result from the husband's desertion in order to entitle the wife to the benefit of the act.

2. If a husband and wife separate by mutual consent, and he contributes nothing thereafter to her support for seven years, the wife is entitled to be decreed a feme sole trader.

Argued November 24, 1926.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 300, Jan. T., 1926, by Thomas Roberts Harper, from decree of C. P. No. 1, Phila. Co., March T., 1926, No. 11478, declaring a woman a feme sole trader, on petition of Lillie V. C. Harper.   Affirmed.

Petition for decree declaring petitioner a feme sole trader.   Before TAULANE, J.

The opinion of the Supreme Court states the facts.

Decree for petitioner.   Thomas Roberts Harper, the husband, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Earl G. Harrison,* with him *Saul, Ewing, Remick & Saul,* for appellant.—It was part of petitioner's case to show that there was some default or breach of duty on appellant's part and, in the absence of any such testimony, the decree was improperly entered: Knauer's Petition, 287 Pa. 115; Graver's Petition, 260 Pa. 186; Ramsey's Case, 270 Pa. 564; Bremer's Petition, 279 Pa. 405.

*John E. Sibble,* for appellee.—Appellee, or petitioner, was entitled to decree of a feme sole trader, because her husband was in default and had committed such a breach of duty by not offering any support to his wife, for a period of nine years, by continuing such breach at the trial, and there being no evidence of any default on the part of the wife; in fact the evidence shows that the wife was not at fault: Knauer's Petition, 287 Pa. 115; White's Est., 188 Pa. 633; Shaw's Est., 54 Pa. Superior Ct. 444; Kvist's Est., 256 Pa. 30; Graver's Petition, 260 Pa. 186.

OPINION BY MR. JUSTICE WALLING, January 3, 1927:

This appeal is by the husband from a decree declaring his wife a feme sole trader under the Act of May 28, 1915, P. L. 639. The pleadings and meagre testimony disclose that the parties were married in 1895 and thenceforward resided in her home in Philadelphia, where petitioner continues to reside, and from which the husband departed in 1917. While the petition avers a malicious desertion on his part, the answer, which as to that must be accepted for there is no countervailing proof, avers a separation by mutual consent. He contributed to her support for two years thereafter and then ceased to do so. Seven years later, in 1926, she instituted this proceeding. It is agreed that all marital relations between them had ceased, at least, for the seven years during which he neither gave nor, so far as appears, was asked for any support. His answer avers the separation resulted from disagreement over financial matters, but states no facts, and the record presents the bald question whether a wife living apart from her husband, by mutual consent, and receiving no support from him, is entitled to the benefit of the act. The lower court, in our opinion, rightly answered in the affirmative. To bring a case within the statute, the parties must have lived apart and separate and all marital relations between them ceased for one year or more; and it must appear that during that time "the husband. . . . . has not supported his wife, nor their child or children, if any they have," nor contributed toward their support. All of which here appears. The statute does not require that the separation result from the husband's desertion and is not capable of such construction. True, we held in Graver's Petition, 260 Pa. 186, and in Knauer's Petition, 287 Pa. 115, that where a wife deserts the home and removes to some place unknown to the husband, she cannot at the end of a year take advantage of the status thus created by her and secure the benefit of the statute. We also held in Ramsey's Case, 270 Pa. 564, that, "A

wife who deserts her husband and neither offers to return nor calls upon him for support, is not entitled to a decree based upon an assumption of his default." In the above-cited cases we held the failure to support must be such as to constitute a breach of duty on the part of the husband. We have never held, however, that a separation of the parties by mutual consent, debarred the wife from the benefit of the statute. The contrary may be inferred from the language of Mr. Justice FRAZER in Ulrich's Case, 267 Pa. 233, where he says: "The manifest purpose of this act was to provide for a case where a husband and wife were not living together and the wife is receiving no support from him but the circumstances of the separation are not such as to establish a wilful desertion on his part." A husband is not absolved from his duty to support his wife because they are living apart by mutual consent, nor in such case because she has separate means (Bremer's Petition, 279 Pa. 405), or fails to call upon him for support: Kvist's Estate, 256 Pa. 30, 36. The respondent's failure to make any provision for his wife's support during the seven years constituted a breach of duty on his part, and, with the other facts in the case, warranted the decree. During all that time he did not, nor does he now, tender her any support; hence, he has no just ground of complaint. Where a wife refuses to receive support from the husband or otherwise makes it impossible for him to support her, or where the wife expressly relieves the husband from his duty to support (Kvist's Estate, supra), the case is different. What we said in the cases above cited, like general expressions in all judicial opinions (Kates's Est., 282 Pa. 417; O'Malley v. O'Malley, 272 Pa. 528), had reference to the facts there under consideration.

The decree is affirmed at the cost of appellant.