# Kontros's Petition.

*Feme sole trader—Refusal or neglect to support wife—Profligacy—Wife supporting herself one year.*

1. Failure of a husband to support his wife is not ground for conferring *feme sole trader* status on the wife under the Acts of May 4, 1855, P. L. 430, and May 28, 1915, P. L. 639, unless such failure is established as a result of drunkenness, profligacy, neglect or absence, or a wilful refusal to perform his duty.

2. Temporary inability of a husband to support his wife by reason of illness does not furnish sufficient ground for such decree.

3. To bring a case within the Act of 1915, the parties must have lived apart and separate for one year or more, and all marital relations between them must have ceased, and the husband must have failed for one full year to support his wife, and his failure must have been a wilful non-performance of his duty.

4. Payment of $3800 to the wife out of a joint savings account during the year preceding the petition relieves the husband from the charge of wilful non-support.

Petition by married woman to be declared a *feme sole trader*. C. P. Luzerne Co., Oct. T., 1926, No. 2065.

*Nicholas M. Curcio*, for petitioner; *Adrian H. Jones*, for respondent.

COUGHLIN, J., Jan. 3, 1927.—The petitioner, Sophia Kontros, filed her petition Sept. 17, 1926, seeking to be declared a *feme sole trader*. Her husband, the respondent, filed an answer thereto, following which testimony at some length was taken before the court.

The evidence discloses that petitioner and respondent were married some eighteen years ago, the petitioner being at that time a widow with three children, fourteen, eleven and eight years, respectively, and the respondent being a widower with one daughter. No children were born of the present marriage.

Respondent's daughter and his father withdrew from the home, the children of petitioner remaining until they had grown up and were married.

The earnings of petitioner's children were received by the petitioner, as well also the earnings of the respondent, from the time of marriage to the

time of the alleged desertion. All moneys received from the children were either used in their behalf or went into a property placed in the name of the children, with the right upon the part of the mother to use the same if she desired during her lifetime. As a result of the accumulations from the wages of the respondent, the petitioner and respondent acquired property amounting to approximately $8000, the title to which was in them jointly.

On the subject of drunkenness and brutal treatment alleged in the petitioner's petition, the only evidence submitted was that of the petitioner that he was drunk once in a while, and that he chased the children and her out fifteen years ago; and the evidence of petitioner's daughter to the effect that respondent found fault, beat her mother (ten or fifteen years ago), was all right when sober. These allegations are denied by respondent. Desertion occurred Feb. 12, 1926.

On the subject of desertion, petitioner testified as to a quarrel over his last pay, admitting she told him he should not dare to come upstairs, and admitting that she got the entire pay except nine dollars. She alleges that he thereupon was away three days, returning home, wanting money and desiring to remain home, but she refused because he stayed away three days, whereupon he took his clothes, but returned once again for money, which she refused. He has not been home since nor turned over any subsequent earnings.

The respondent denies, in part, petitioner's testimony on the subject of desertion, averring that he gave her all his money and had nothing for a doctor whom he needed at the time because he was sick; that the sickness, he believed, was caused through drinking coffee of which he complained; that he left the home to go to a doctor and when he returned to go upstairs, his wife would not permit him, so he went to his daughter's home, going to bed. The evidence conclusively shows that he was confined to his bed with illness for the period of two and a half months, followed in nine days by further confinement to bed for six weeks. Since that time, he has not returned home, but has given her $3800 in cash, being one-half the moneys standing in their joint name.

Many witnesses testified as to the good reputation and sobriety of the respondent.

It developed upon the taking of testimony that divorce proceedings had been started in this case raising the same issues.

The result of the successful prosecution by the petitioner of these proceedings would disinherit her husband, while she would preserve her right to inheritance in her husband's estate.

## Discussion.

The Act of May 4, 1855, P. L. 430, provides that if a husband, "from drunkenness, profligacy or other causes, shall neglect or refuse to provide for his wife, or shall desert her," she shall have the rights and privileges of a *feme sole trader*.

Under this act, there must be a desertion or wilful neglect or refusal upon the part of the husband to perform his duty: King *v.* Thompson, 87 Pa. 365.

If a husband's circumstances, either from sickness or other inability, were such as to prevent him from supporting his wife, his failure to do so could not affect his marital rights: Ellison *v.* Anderson, 110 Pa. 486.

The failure of a husband to provide for his wife is not sufficient to give his wife *feme sole trader* privileges. It must have been occasioned by drunkenness, profligacy or wilful absence or neglect, and his mere temporary inability to support her, resulting from sickness, was not sufficient; there must have

been a desertion or wilful neglect or refusal upon the part of a husband to perform his duty: Driesbach's Petition, 4 D. & C. 699.

The Act of May 28, 1915, P. L. 639, provides that whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband for one year or more has not supported his wife, . . . then, in such case, the wife may petition the Court of Common Pleas of the county in which she resides to be declared a *feme sole trader;* and if it thereupon appear that the wife and husband have been living separate and apart for one year or more, that the husband has not supported nor contributed towards the support of his wife, and that the wife, by her own industry or by reason of an income from her own estate, has maintained herself or been maintained by her children, then, in such case, the wife shall be declared a *feme sole trader.*

This act apparently supplied an additional ground for the application for a certificate on the part of a wife whose husband had ceased to live with or support her, but where the circumstances of the separation were not such as to establish a wilful desertion on his part. However, in order to entitle a married woman to the right to be declared a *feme sole trader,* the husband's failure to support must be such as to constitute a breach of duty on his part: Graver's Petition, 260 Pa. 186 (1918).

The *Feme Sole Trader* Act of May 28, 1915, P. L. 639, is a drastic statute, depriving the husband of his rights in a summary manner, without trial by jury, and cannot be unduly extended. To bring a case within the Act of 1915, the parties must have lived apart and separate for one year or more, and all marital relations between them must have ceased, and the husband must have failed for one full year to support his wife, and his failure must have been a wilful non-performance of his duty: Knauer's Petition, 287 Pa. 115.

In the present case, considering all the testimony, including that of petitioner and respondent, we are unable to conclude (while petitioner and husband have lived apart and separate for one year or more, and all marital relations between them have ceased, and the husband has failed for one full year to support his wife other than dividing the savings standing in their joint name) that this failure was a wilful non-performance of duty upon his part. The respondent had sold his farm upon which the petitioner would not live. He and petitioner resided with her daughters, she receiving his entire pay. When ill and without funds, he was unwelcome. For several months no attention was paid to him while he lay sick elsewhere. Petitioner has received $3800 during the past year from the joint account.

These facts do not substantiate a claim of wilful non-performance of duty upon his part, but rather upon her part.

Excluding the testimony, however, of the petitioner and respondent, as it should have been excluded, although not objected to, none of the allegations averred in the petition are substantiated by proof.

While there was no objection to the competency of the wife, the prohibition in section 5 *(c)* of the Act of May 23, 1887, P. L. 159, is not only that husband and wife shall be incompetent, but shall not be permitted, to testify against each other: Ulrich's Case, 267 Pa. 233; Knauer's Petition, 287 Pa. 115 (1926).

We do not believe that the facts disclosed at the hearing brings the case within the provisions of the Act of 1855, under which the petitioner apparently proceeded, as evidenced by her petition, nor do we believe that the facts disclosed justify the application of the drastic provisions of the Act of 1915.

Petition dismissed.        From Frank P. Slattery, Wilkes-Barre, Pa.