## In re: Petition of Leakadia Cheska.

*Feme sole trader—Failure to offer evidence in support of petition to set aside decree—Effect—Service by publication—Section 4 of the Act of May 4, 1855, P. L. 430—Act of May 28, 1915, P. L. 639.*

A petition by a husband to set aside a decree declaring his wife a feme sole trader is properly dismissed where the wife filed an answer to the petition, taking issue with its averments, and no competent evidence was offered by the husband in support of it.

In such proceedings the husband is incompetent to testify against the wife.

Service by publication of the petition of the wife to be declared a feme sole trader is authorized by section 4 of the Act of May 4th, 1855, P. L. 430.

Argued March 7, 1927. Appeal No. 4, February T., 1927, by Victor Cheska from order of C. P. Lackawanna County, June T., 1925, No. 439, in the case of In re: Petition of Leakadia Cheska to be decreed a feme sole trader. Before PORTER, P. J., HENDERSON,

TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed..

Petition to set aside decree declaring a wife a feme sole trader. Before BARBER, P. J., 56th Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Petition dismissed. Victor Cheska appealed.

*Error assigned,* among others, was the decree of the Court.

*A. A. Vosburg,* for appellant.

*Henry Nogi* of *Landau, Grofine & Nogi,* and with him *Milton J. Kolansky,* for appellee.

OPINION BY LINN, J., April 22, 1927:

By decree of June 1, 1925, Leakadia Cheska was declared a feme sole trader. On July 29, 1925, her husband, the appellant, filed a petition setting forth that the decree had been made without notice to him, denying the allegations contained in the petition on which it was made, averring that the petition had not been filed in good faith by his wife, and praying that it be vacated for those reasons. The wife filed an answer to that petition, taking issue with its averments. The court dismissed his petition as unsupported by any evidence. This appeal is from that order.

The only evidence in support of the husband's petition was his deposition that he was a resident of Olyphant, in Lackawanna County, at the time his wife's petition was filed and for some years prior. He was incompetent to testify: *Knauer's Petition,

---

\* *Reporter's Note.*—The Act of May 10, 1927, makes husband and wife competent to testify against each other in feme sole trader proceedings.

287 Pa. 115, 119. When the wife's petition to be declared a feme sole trader was presented the court ordered that service be made by publication once a week for three weeks in a daily paper published in the county and also in the Lackawanna Jurist, that a hearing would be held at a given date and place designated. This was authorized by Section 4 of the Act of May 4, 1855, P. L. 430. Facts sufficient to authorize the decree pursuant to the Act of May 28, 1915, P. L. 639, were doubtless presented, for it states that it was made in accordance with "the evidence and proof in support" of the petition: see Harper's Petition, 288 Pa. 52. Since the husband offered no evidence whatever to support the allegations in his petition to vacate, the court was required to dismiss it.

Order affirmed at cost of appellant.