## Lux's Petition.

*Frank J. Bradley, for* petitioner; *Harry T. Rotenbury,* contra.

CORSON, J., Dec. 18, 1929.—The petitioner in this proceeding seeks to be declared a *feme sole trader,* apparently under the provisions of the Act of May 28, 1915, P. L. 639, as amended by the Act of May 11, 1927, P. L. 971. The petition alleges a desertion by the respondent which might be relevant under the Act of May 4, 1855, P. L. 430, but which apparently is not necessary under the Act of 1915: Harper's Petition, 288 Pa. 52 (1927).

The petitioner and her husband were married in 1909, and lived, apparently, more or less happily together, in Hartford, Connecticut, where their two children were born, until 1918, when the petitioner, her husband and their children moved to Rosemont, this county, where they lived in the home of the petitioner's mother. The change was made apparently at the request of the petitioner. The respondent opened a branch office in Philadelphia of his Hartford company, and, so far as the evidence shows, contributed equitably and fairly to the upkeep of the common home. There is no evidence to substantiate the claim of the petitioner that respondent did not support her and the children in accordance with the respondent's circumstances.

During the period from 1918 until Feb. 21, 1926, friction gradually developed between the respondent and the petitioner until it reached such a point that petitioner's mother could no longer bear the constant quarreling between

the petitioner and the respondent, and notified the respondent formally, in writing, to vacate the premises. We cannot say that there was any direct quarrel at any time between the respondent and his mother-in-law or that the mother-in-law was the cause of the quarrels between the petitioner and respondent. Mrs. Weeks appeared to us to be a most estimable and sensible woman.

Upon receiving the notice to vacate the premises, the respondent prepared to close his business in Philadelphia and to return to Hartford. He discussed with his wife the matter of her returning with him to Hartford, when he was told that the petitioner did not intend to leave her mother's home and that she would not return with him to Hartford. Respondent then apparently consulted counsel and wrote his wife a letter to the general effect that whenever she was ready and willing to leave her mother and live with him, he would provide a home for her and the children. When he left on Feb. 21, 1926, he told his wife and her mother, Mrs. Weeks, that they could tell their friends that he was going back to Hartford for business reasons. This statement appeared to be relied upon by the petitioner as showing some intention to desert the petitioner, but it was explained by the respondent, and the explanation appears reasonable, that the statement was made for the purpose of covering up, as much as possible, the break that had taken place between the petitioner and the respondent.

The petitioner and the respondent have lived separate and apart since that time, and all marital relations between them ceased. The respondent has not supported the petitioner during this period, though he has sent presents and some money to his children. The petitioner has maintained herself and her children from her own estate.

While no desertion has been shown upon the part of the respondent, yet, under the wording of the Act of 1915, the petitioner would seem, as a matter of first impression, to be entitled to a decree. The appellate courts, however, have not construed this act as strictly in favor of the petitioners as a narrow construction of the words of the act might seem to require. The general tendency of the courts has been to hold that there must be some breach of duty on the part of the husband before the wife is entitled to a decree.

Where the wife deserts her husband under such circumstances as to make it impossible for the husband to support her, the courts have held that the husband cannot be penalized and the wife rewarded for her unjustified act. The Supreme Court has said: "In our opinion, the failure of the husband to support his family, contemplated by the act, must be such as to constitute a breach of duty on his part:" Graver's Petition, 260 Pa. 186.

The reasoning of this case, as to support, would seem to apply in the case at bar as to the living apart and the cessation of marital relations between the parties. We feel that the petitioner, under the evidence of the case, constructively deserted the respondent when she refused to go with him to Hartford in 1926 or to leave her mother's home in Rosemont. Clearly, it was impossible for the respondent to live with his wife at the home of Mrs. Weeks after his eviction, and the petitioner refused to live elsewhere. The petitioner complains that the respondent was financially close and that he did not contribute sufficiently to the household expenses while he lived at Rosemont, yet, after he was put out by Mrs. Weeks, and there is evidence that this act of Mrs. Weeks was approved of by the petitioner, the petitioner never asked one penny of support from the respondent.

No case has gone so far as to award a decree to the wife where the wife has deserted her husband. Especially would this seem to be sound law where

122

there are no substantial reasons to complain of the husband's acts in carrying on his part in the marital partnership. The facts in this case are most nearly met in Ramsey's Case, 270 Pa. 564, where the wife voluntarily left her husband, lived upon the income of her own separate estate, and made no demand upon her husband for support. Under such a state of facts, the court refused the petition and cited with approval Graver's Petition, *supra*.

The respondent, by his testimony and manner and appearance upon the witness stand, made a favorable impression upon the court. We feel that we cannot deprive him of his possible interest in his wife's estate because of his failure to live with his wife and maintain marital relations when it was made impossible for him so to do. We do not feel that we should penalize the respondent for his failure to support his wife under the circumstances of a constructive desertion upon her part and without any demand being made upon him for such support.

And now, Dec. 18, 1929, for the reasons stated, the prayer of the petition for a decree conferring the rights and privileges of a *feme sole trader* is refused, at the cost of the petitioner.

From Aaron S. Swartz, Jr., Norristown, Pa.