## Wilwohl's Petition.

Argued October 12, 1932. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, DREW and LINN, JJ.

*John A. Metz*, for appellants.

*O. K. Eaton*, for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 20, 1933:

George A. Wilwohl on November 13, 1930, presented
his petition to the court below asking that a decree en-
tered by the court on November 7, 1923, conferring on
his wife, Mary Jane Wilwohl, the rights and privileges
of a feme sole trader, be vacated and set aside on the
ground that he had not been served with notice of the
proceeding. The court made the order prayed for and
this appeal was taken by Herbert Wilwohl in his own
right and by Aaron Seligsohn, trustee under the will of
Mary J. Wilwohl for her two sons.

In 1919 Mary J. Wilwohl began proceedings for desertion and nonsupport against her husband and secured an order. This order was subsequently reduced to an amount for the support of herself and her two minor children who were living with her, John and Herbert. The latter since her death has come of age. After October 20, 1920, the husband made no payments on account of the order although it remained in force.

During the year 1920, the wife filed a petition to be declared a feme sole trader. This proceeding was discontinued. On October 26, 1923, she filed a second petition. The record shows that notice of a hearing thereon, with a copy of the petition, was served on the husband by a deputy sheriff, and on November 7, 1923, Mrs. Wilwohl was declared a feme sole trader, the husband not appearing. The wife died July 27, 1930, leaving a small amount of personal property and certain real estate. The latter she devised to Aaron Seligsohn for life, subject to the obligation of maintaining and educating her two sons, Herbert and John, during minority, with remainder over to them. Following the death of Mary J. Wilwohl, her husband began this proceeding seeking to set aside the feme sole trader decree in order that he might obtain a share in her estate. The contest is, therefore, really between him and his two sons, to whose support he contributed nothing since October 20, 1920, a period of ten years before the wife's death.

The testimony was taken on depositions. The hearing judge did not see the witnesses and hence was in no better position to form an opinion from the evidence than we are: Collins v. Kephart, 271 Pa. 428, 435. While the court below considered other things in reaching its decision, there is only one question in the case. Was the husband served?

The deputy sheriff's return under oath shows that he was served on November 2, 1923, with a copy of the petition and notice to appear. The docket entries show the same. In addition to this, the deputy sheriff testified

that he recalled the circumstances of the service, which was made on his birthday, and positively identified the husband as the man he served. He not only identified him as the man served, but remembered that when the husband came to the door of his home in response to the sheriff's call to serve him that he was greatly stooped, which is a marked characteristic of the appellee. Against this evidence, we have the testimony of witnesses that the appellee was not at home on the day the deputy sheriff says he served him, but that he was at work. When account is taken of the fact that they were speaking of a particular day more than eight years before that on which they were testifying, with no special circumstance to individuate it, and were really stating a conclusion of their own minds, that he was at work and not at home because he was customarily at work, we conclude from our own experiences in such matters, in courts and elsewhere, that against the positive testimony of the deputy sheriff that he made the service and against his absolute and unqualified identification of the appellee as the man he served, the testimony of the witnesses to the effect that Wilwohl could not have been served because he was not at home and the appellee's own denial of the service cannot prevail. To hold otherwise would threaten the stability of all legal proceedings where service is the prerequisite for judicial decision. If this service can be upset years after it was made, when the lips of the wife are sealed in death, on the denial of service by the one to whom service was directed and by the negative testimony of presumed absence from the place where service is said to have been made, then any proceeding can be upset by one who did not appear therein if his subsequent financial interest stimulates him to take such a course. Had the notice been one which the sheriff was required to serve, the return of service would be conclusive: Miller Paper Co. v. Keystone C. & C. Co., 267 Pa. 180.

While the husband testified that he had no knowledge that the wife had been made a feme sole trader during the seven years that she lived following the decree, nor until after her death, it would seem singular that this should be so when they lived in the same community and she was in business and had accumulated considerable property.

The court below in its opinion took into account some things with which it had nothing to do and that were irrelevant to the inquiry it was pursuing,—whether appellee had been served. Thus it is said that the wife was living in adultery with Seligsohn in 1920 and continued to maintain that relationship with him until the time of her death. Of the latter there is no evidence, and the testimony as to adultery related to a single circumstance three years before the feme sole trader decree. It is further stated that in view of the relationship that existed between them she was not entitled to be declared a feme sole trader. The court did not have standing to pass upon the merits of the wife's application for feme sole trader status, for that had been adjudicated by Judge CARNAHAN, who decided the matter nine years before. The court was not reviewing the merits of his finding or the correctness of his decree. The subject of illicit relations does not necessarily enter into the inquiry whether a woman shall be declared a feme sole trader, nor even the question of desertion. "By the terms of the Act of 1915 [Act of May 28, 1915, P. L. 639], if there has been a failure to assist in maintaining, the wife is entitled to a certificate as a feme sole trader...... The legislation......[requires] merely that 'the man and wife live apart and separate for one year or more, and all marital relations between them have ceased,' and the husband for a like period has not supported his wife": Bremer's Petition, 279 Pa. 405, 408.

The order of the court below is reversed and the decree declaring Mary Jane Wilwohl a feme sole trader is reinstated. Costs to be paid by appellee.