## Hockenberry's Petition

*Charles E. Vogel,* for petitioner.
*Mitinger & Mitinger,* for respondent.

LAIRD, J., August 11, 1944.—Esther Hockenberry has presented a petition to this court praying for a decree conferring on her all the rights and privileges of a feme sole trader and granting her a certificate that

she may be authorized to act, have the power, and transact business as a feme sole trader, as provided in the acts of assembly in such cases made and provided.

In her petition Mrs. Hockenberry does not allege the act under which she expects the order of court to be made, although it is probably the Act of May 28, 1915, P. L. 639, as amended by the Act of May 11, 1927, P. L. 971, 48 PS §44. We feel reasonably certain that the petition is not presented under the Act of February 22, 1718, 1 Sm. L. 99, sec. 1, 48 PS §41, and apparently it is not under the Act of May 4, 1855, P. L. 430, 48 PS §§42 and 43, as the petition does not seem to comply with either of the last-mentioned acts.

We are not convinced, however, that the petition can be maintained under the Act of 1915, as amended, supra. The amendment of 1927 provides, inter alia, as follows:

". . . whenever a husband and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife, nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained either by the wife, by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate, then, in either such case, the wife may petition the court of common pleas of the county in which she resides to be decreed a feme sole trader . . ."

In the petition, which we are now considering, it is alleged by petitioner, inter alia:

"3. That her said husband wilfully and maliciously deserted her some time in October, 1933, at Manor, Westmoreland County, Pa., and since said time she and her said husband have lived apart and separate, and all marital relations between them have ceased, and since

said time her said husband has not supported her nor their child, Fay Hockenberry, but has neglected and refused to contribute to her support or maintenance, except as required by order of court for desertion and nonsupport and now by United States Army regulations."

It appears, therefore, by petitioner's own statement, that respondent has contributed at least to a certain extent to the maintenance and support of his wife and child. To just what extent this contribution has gone we are not advised, but in Walsh's Appeal, 330 Pa. 502, Mr. Justice Linn, in delivering the opinion of the Supreme Court, said, quoting from page 505:

"In dismissing the petition the learned court below said that the Act of 1915 'makes no distinction between money voluntarily paid to the wife toward her support and money paid to her under an order of Court. The requirement of the Act is that the husband has not supported nor contributed toward the support of his wife for one year or more. The question of support is the controlling factor and we are of opinion that where the husband has contributed, either voluntarily or by order of Court, toward the support of his wife, she cannot be declared a feme sole trader.' " See also Leininger's Petition, 86 Pitts. 412.

It is further alleged in the petition of Esther Hockenberry "that the residence of her said husband is now Headquarters 104th Cavalry (MECZ), Salem, Ore." It, therefore, appears that respondent is in the armed forces of the United States and comes under the operation and protection of the Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178.

Respondent has appeared by counsel and filed an answer to the petition in the nature of a motion, moving the court to stay all proceedings in the above-entitled case for the reason that the said Glenn W. Hockenberry is now serving in the armed forces of the United States, having the rank of staff sergeant and being stationed at

Headquarters 104th Cavalry, Fort Lewis, Wash.; that by reason of his service he is unable to attend the hearing in this matter to testify, or to secure witnesses to testify, in his behalf relative to the facts averred in the petition, and that the granting of the prayer of the petition or the entering of any decree in pursuance thereof would materially affect the interests of respondent and serve to deprive him of a valuable property right; therefore, claiming the benefits and remedies prescribed by the Federal Soldiers' and Sailors' Civil Relief Act of 1940 and its supplements and amendments.

Petitioner argues that if the proceedings are stayed until the close of the war or until six months thereafter or during the military service of respondent such delay would work a hardship upon her and other interested innocent parties and that it could work no advantage to the husband, who has lived apart from his wife for a period of 10 years. Petitioner further alleges that the husband under the law is not made a formal party to feme sole proceedings and that he need not be present in court for any purpose, either before or after the hearing, especially so as he is adequately represented by able and competent counsel.

This may be true, but we are also under duty bound to consider the rights of respondent for both moral and legal reasons and we are rather inclined to agree with Mr. Justice Linn in Walsh's Appeal, supra, where he says, quoting from page 506:

"The purpose of feme sole trader legislation is not punitive. Punishment for desertion and neglect to support is the subject of other legislation . . . As the effect of a feme sole trader declaration deprives her husband of the right to share in her property, as specified, the declaration should not be made unless conditions imposed by the legislature clearly appear in the record. In Knauer's Petition, 287 Pa. 115, 118, 134 A.

463, we said: 'It is a drastic statute, depriving a husband of his rights in a summary manner, without trial by jury, and cannot be unduly extended.' Also see Harper's Petition, 288 Pa. 52, 135 A. 617. The case presented is not within the terms of the statute."

If petitioner considers the postponement of the final order on her petition until six months after the close of the war or until after the discharge of her husband from military service of his country an unreasonable delay and an undue hardship imposed upon her, and her statements that she and her husband have lived separate and apart for the period of one year or thereabouts are correct and that he has failed to contribute to her support or the support of their child for the period of one year and upward, she has her rights under the law as outlined by Mr. Justice Stern in Thornton et al. v. Pierce, 328 Pa. 11, and does not need the decree of this court. In that case Mr. Justice Stern said, quoting from page 14:

"As Thornton had neglected for so many years to provide for his wife and had deserted her, she undoubtedly was, as plaintiffs admit, invested by the act with the right to alien the properties without his joinder . . . but the certificate thus obtainable does not *create* the status of a feme sole trader, nor is it a prerequisite to the wife's exercise of her rights under the act. It is merely a judicial *recognition of the existence* of such rights; these result from the fact of the husband's desertion or neglect to provide for her, and not from the granting of the certificate: Black v. Tricker, 59 Pa. 13; Elsey v. McDaniel, 95 Pa. 472."

We are, therefore, constrained to believe that this is "a drastic statute, depriving the husband of his rights in a summary manner without trial by jury", and that the proceeding should be stayed as contemplated and provided in the Federal Soldiers' and Sailors' Civil Relief Act until respondent is freed and released from military service.

If petitioner is injured by the delay or not satisfied with the stay of the proceedings until such time as respondent may be present, she, of course, is entitled to proceed under the law as outlined by Mr. Justice Stern in Thornton et al. v. Pierce, supra, but for the present we are of the opinion that the instant proceeding should be stayed or continued as provided by the Soldiers' and Sailors' Civil Relief Act. Therefore, we enter the following decree:

And now, to wit, August 11, 1944, after argument and after due and careful consideration, it is ordered, adjudged, and decreed that the petition of Esther Hockenberry to be adjudicated a feme sole trader be and the same hereby is stayed or continued until six months after the close of the Second World War or until after respondent, Glenn W. Hockenberry, is released from the armed forces of the United States.