## Auch Estate

*S. M. Bendiner*, for petitioner.

*J. M. Holton, Jr.*, for respondent.

BOK, P. J., December 4, 1950.—This is a petition by a wife to be declared a feme sole trader, to which a responsive answer was filed.

I heard testimony on June 6 and 12, and October 23, 1950, Requests for findings and conclusions were filed on November 19 and 28, 1950.

### Findings of Fact

1. Petitioner, Clara Hanna Auch, is now, and has been for 45 years last past, a resident of the County of Philadelphia, Pa. She was born in Philadelphia on March 25, 1905, and has since resided at various places in Philadelphia, namely, at 7033 Ridge Avenue, 6830 Ridge Avenue, 44 E. Seville Street, 636 E. Wendover Street (1934-1936), and from 1936 to the present time at 7109 Ridge Avenue.

2. Petitioner, Clara Hanna Auch, is the wife of L. Wayne Auch, also known as La Rue Wayne Auch, to whom she was married on April 14, 1934, in Philadelphia, Pa.

3. Petitioner's husband began a divorce action in this court as of March term, 1949, no. 437, alleging in-

dignities to the person and cruel and barbarous treatment. This complaint was dismissed and the time for appeal has passed, complainant's exceptions having been dismissed on March 1, 1950.

4. Since on or about March 1, 1949, petitioner's husband, L. Wayne Auch, also known as La Rue Wayne Auch, has not resided with her, and she and her husband have lived apart during the whole of said period since the time aforesaid.

5. Since March 1, 1949, all marital relations between petitioner and her husband, L. Wayne Auch, also known as La Rue Wayne Auch, have ceased.

6. Since March 1, 1949, petitioner's husband has not contributed in any manner to her support and maintenance.

7. Petitioner's husband, L. Wayne Auch, also known as La Rue Wayne Auch, left his wife in February 1949 and now resides at Matson Ford and Rebel Hill Road, R. D. 1, Conshohocken, Merion Township, Pa.

8. Since March 1, 1949, petitioner has been obliged to support herself from her private income and from her own earnings.

9. The real estate held by the parties as tenants by the entireties yields no net income and has operated at a loss since purchased by the parties prior to March 1, 1949. Petitioner has a salaried position and works every day.

*Discussion*

By the Act of May 28, 1915, P. L. 639, sec. 1, as amended by the Act of May 11, 1927, P. L. 971, sec. 1; 48 PS §44, a married woman may become a feme sole trader under certain conditions. The conditions are that she and her husband shall be shown to have lived separate and apart for more than one year, that marital relations between them have ceased, that the husband has not supported or contributed to the support

of his wife, and that the wife has supported herself by her own industry or out of her separate estate.

These acts were apparently passed to liberalize the Act of May 4, 1855, P. L. 430, which granted relief in cases where the husband failed or neglected to provide for his wife or deserted her, since there is a question whether such desertion is the technical desertion of two years' duration required by the Divorce Law, or something less. Since this question has not been resolved by the authorities and since the desertion alleged in the instant case has not yet run for two years, I will consider the case as falling under the Acts of 1915 and 1927 rather than under the Act of 1855.

The Act of 1855, in section 4, requires that the petition be "sustained by the testimony of at least two respectable witnesses", and we cannot say that this section has been repealed by the later acts; see Ulrich's Case, 267 Pa. 233 (1920), and Knauer's Petition, 287 Pa. 115 (1926).

It should also be noted that Ulrich's Case declared a wife incompetent to testify because of the Evidence Act of 1887. This act was, however, amended, after Ulrich's Case and Knauer's Petition, by the Act of May 10, 1927, P. L. 861, sec. 1, 28 PS §317, which expressly allows a wife to testify in feme sole trader and divorce proceedings.

Many of the facts before me are established by the record in the divorce case of Auch v. Auch, C. P. No. 6, March term, 1949, no. 437, which was put in evidence in its entirety, including depositions taken on the rule for counsel fees and alimony pendente lite; also by the testimony of Mrs. Auch and two witnesses; and also by Mr. Auch's admissions. I do not regard the two-witness requirement in the Act of 1855 to be absolute in the sense that two witnesses must testify even to such facts as the husband admits. This is not the

sort of proceeding in which independent evidence is required—such as the master's personal investigation of residence in divorce cases, in order to prevent collusion. Feme sole trader proceedings, while not punitive of the husband, are nevertheless hostile, since the effect of a decree is to deprive him of his right to share in his wife's property: Walsh's Appeal, 330 Pa. 502 (1938). His admissions are, therefore, against his interest, and the subject matter of them need not, in my opinion, be additionally covered by the wife's two witnesses.

Mr. Auch admitted that he left the common domicile in February 1949, that he is living at another address, that he has sent his wife no cash since March 1, 1949, and that he has not lived with her or offered to return to live with her since then.

The divorce action mentioned above was brought by Mr. Auch on the grounds of indignities to the person and cruel and barbarous treatment, and the records of this court, which are in evidence, show that the complaint was dismissed for failure to sustain the burden of proof. This leaves respondent in the legal position of having left petitioner without reason.

Mrs. Auch's witnesses testified that she works every day and that they have not seen Mr. Auch at her home. One of them, Miss Schallmack, appears to be a close friend and was with Mrs. Auch a large part of the time. Neither witness could be more than vague on the question of support, but their general testimony of Mrs. Auch's situation leaves room for the inference that she got none from her husband. There is his admission that he paid her nothing for over a year.

The duty to support is absolute, and the fact that a wife has a separate estate does not prevent a decree: Bremer's Petition, 279 Pa. 405 (1924). The act mentions the wife's industry or income from her own estate.

The single point of substantial defense is that Mr. Auch has contributed to petitioner's support because she is living in and managing certain real estate owned by the parties as tenants by the entireties, and is collecting the rents without accounting to him. This is answered directly by Mrs. Auch's testimony that she has received no net income from the properties, which have been operated at a loss since the parties bought them. The effort was made in cross-examination and by reference to depositions taken on the rule for counsel fees and alimony to show inconsistencies or an effort by Mrs. Auch to make the expenses seem greater than the rents. However, I accept her statement that she has received no net income, and I note that she has a salaried position that requires her to work every day.

I am satisfied by the fair weight of the evidence that the requirements of the Acts of 1915 and 1927 have been met and that Mrs. Auch is entitled to a decree as a feme sole trader.

I express no opinion on the effect of the following decree upon property held by the parties as tenants by the entireties.

### Conclusions of Law

1. In view of the facts that petitioner and respondent, her husband, have lived apart and separate for more than one year, namely, since on or about March 1, 1949, and all marital relations between them have ceased, and respondent, for more than a year, namely, since March 1, 1949, the time of the separation of petitioner and respondent, has not supported or contributed toward the support of petitioner, and petitioner has maintained herself by her own industry and by reason of an income from her own estate, petitioner is entitled to be declared a feme sole trader under the Act of May 28, 1915, P. L. 639, sec. 1, as amended, 48 PS §44.

2. A decree should be entered declaring Clara Hanna Auch to be a feme sole trader.

### Decree Nisi

And now, December 4, 1950, it is ordered, adjudged and decreed as follows:

Clara Hanna Auch is hereby declared a feme sole trader, and hereafter her property, real and personal, however acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by her husband, L. Wayne Auch, also known as La Rue Wayne Auch, and, in case of intestacy, shall go to her next of kin as if he were previously dead.