## Jacobs *against* Featherstone.

There is no feme sole trading in Pennsylvania but such as falls within the Act of 1718.

Where the husband lives in the same city as the wife and the wife contracts debts for shopkeeping, and the husband and wife are living separate, the husband and wife are not suable.

Even if they were necessaries furnished, and the husband were liable, the wife cannot be joined as defendant in the suit.

[Jacobs v. Featherstone.]

ERROR to the District Court for the city and county of *Philadelphia*.

The plaintiffs, Samuel Jacobs & Robert W. Cushman, complained in the first count of their declaration, which was for goods sold and delivered, that " Michael Featherstone and Hannah his wife, (which said Hannah doth merchandise and trade with merchandise in the art of a dry-goods shopkeeper, according to the custom of feme sole trading), were attached to answer Samuel Jacobs & Robert W. Cushman of a plea of trespass upon the case, &c. For that whereas the said Hannah (then' and now being the wife of the said Michael Featherstone, and then and now trading and merchandising in the art aforesaid alone, and without her said husband, according to the said custom of feme sole trading), on the 1st day of," &c. There were other common counts, and the narr. concluded against Hannah Featherstone, and stated the damages thus : " yet the said Hannah hath disregarded her said promises," &c.

Michael pleaded *non assumpsit* and payment, and Hannah, in person, pleaded coverture in abatement, and also, " for a further plea in this behalf the said defendant, Hannah Featherstone, in person, comes and defends the wrong and injury, when, &c., and says that the plaintiffs ought not to have or maintain their aforesaid action thereof against her, because she says she doth not, and never hath sold merchandise in the art of a dry-goods shopkeeper according to the custom of feme sole trading in manner and form as the said plaintiffs have above complained against her, the said Hannah, and of this she puts herself upon the country." The plaintiffs demurred to the 1st, 2d and 3d pleas, and on motion of the plaintiffs the 3d plea was stricken out, being a plea of coverture by a female defendant, not ˎsigned by her, in abatement, and not sworn to. Issue was joined to the 4th plea.

On the trial it was agreed that the copy of account from the book of original entries be laid before the jury as a correct copy, and that it be further in evidence that the entries were made against Hannah Featherstone alone, and not against Michael Featherstone.

A witness for the plaintiffs testified that he was in the employ of the plaintiffs, and had left about three months previous. He knew the defendant, Hannah Featherstone. She frequently purchased goods of the plaintiffs, and always in her own name. She made no statement in particular. She said she never looked to her husband for assistance in any way. She said she did the business upon her own account. She never objected to bills made out in her own name. She said she never looked to her husband for anything. She had her name on the boarding-house. Witness did not recollect about the store. Never saw her husband in the store in his life. Was very often at her store. Went, generally, to collect bills. She never directed him to her husband. She

[Jacobs v. Featherstone.]

never spoke of her husband. Always spoke of herself, and never mentioned her husband in the business. Witness received money of her; she paid it as her own money. On his cross-examination he stated, he knew she was a married woman. Her husband lived in the city. Did not know that he was a mariner, or that he went to sea. Had seen him coming into the plaintiff's store, but not on his wife's business; his wife's name may have been mentioned. Was aware she was a married woman; but not at first, as he knew. The entries were always made to Mrs Featherstone. She never referred to her husband when she was in the store. Did not know that he ever forbade the dealings of his wife. Being re-examined in chief, he testified to Mrs Featherstone's name in the Directory of 1841.

A. D. Tarr, Esq. testified, on behalf of the plaintiff, that some time before this suit was commenced, he called upon Mrs Featherstone. She said it was out of her power to pay it. She told him her husband had nothing to do with her business; that she would not care if he was out of the world. He called again, and she would not pay it. Her name was on the house. On his cross-examination he stated, he thought the name was on the house, and not on the store. Did not know that she was married, but had seen the person reputed to be her husband. He asked her if her husband would not assist her? Did not know that her husband had been to sea.

The court, on motion, ordered a nonsuit.

Errors assigned :

1. The court erred in directing a nonsuit on the evidence, when the defendant had made the issue, whether the defendant, Hannah, merchandised as a feme sole trader according to the custom of feme sole trading.

2. In nonsuiting the plaintiffs on a point of law, when the only issue on the pleadings was a pure matter of fact, whether an usage for married women to trade as feme sole traders existed in this community; and if so, whether the defendant, Hannah, traded as a feme sole trader within the usage.

3. In nonsuiting the plaintiffs on the ground that the statute defines the only feme sole traders known in this State, and it was necessary to show that the defendant, Hannah, came within the statute.

*Barnes*, for the plaintiff in error, referred to the Act of 22d Feb. 1718, *Purd.* 471 (1841); 3 *Whart.* 371; *Serg. on Attach.* 7, *note* 4; *Dwarr Stat.* 637, 639, 641; 2 *Serg. & Rawle* 189.

*M'Ilvaine*, contra, was stopped.

PER CURIAM. — There is no feme sole trading by a married woman, with us, but such as is licensed and regulated by the sta-

[Jacobs v. Featherstone.]

tute of 1718. In *Burke* v. *Winkle,* the action was sustained on the statute alone, the fact that the wife was within it being admitted by the demurrer; and it was ruled that she had power to bind herself by specialty, which she could not have done by the custom of London. In the case before us, the character of the wife, as a feme sole trader, is the very matter put in issue; and on that head the statute is sufficiently explicit. The framers of it had in view the case of a wife left to shift for herself by a husband *gone to sea;* and it is indifferent whether she get her living by shopkeeping or any other employment, or whether he be a mariner or a passenger. It is her being left to contract debts for which his person cannot be reached by process, that gives her the credit, and subjects her to the responsibility of a feme sole. In the case under consideration, the husband was proved, by the plaintiffs themselves, to be resident in the same city with her when the debt was contracted, and, what is as decisive against them, living separate from her. If the husband, *knowing* that his wife carries on a trade, *resides* with her and receives the profits, he gives room for a legal presumption that she conducts the business as his agent, and he is liable for articles furnished in the course of it; as was ruled in *Petty* v. *Anderson,* (2 *Car. & P.* 38, S. C. 3 *Bingh.* 170). And in *Bowyer* v. *Peake,* (2 *Freem.* 215), it was held that payment of money borrowed by a wife to carry on a business with the husband's consent, would be decreed against him. But the presumption of his assent will not arise from occasional and stealthy cohabitation. In *Smallpiece* v. *Dawes,* (7 *Car. & P.* 40), a bankrupt fruiterer, who had absconded, was not held liable for the price of fruit furnished to his wife, who continued the business, though it was proved that he had attended the marriage of his daughters at church, and had eventually been arrested at the shop: but Mr Baron PARKE remarked, that he would have been liable had the goods been necessaries. Here, it is not pretended that the goods were supplied for consumption; and even if the husband were liable, as for necessaries, the wife could not be joined with him.

Judgment affirmed.