## Elsey et al. *versus* McDaniel.

1. Where a married woman is deserted by her husband she may, by virtue of the Act of May 4th 1855, execute a deed for her property without the joinder of her husband, and without having previously obtained a decree declaring her a feme sole trader under the 4th section of said act.

2. Black *v.* Tricker, 9 P. F. Smith 13, followed.

October 18th 1880.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Erie county:* Of October and November Term 1880, No. 195.

Ejectment by the heirs of Orvaline Jane Millar against Daniel J. McDaniel, to recover a lot of ground in the city of Erie.

At the trial, it appeared that Orvaline Jane Millar in 1839, when unmarried, became seised of the lot in dispute as part of her distributive share of her father's estate.  In 1840, she married John H. Millar, and in 1852, he deserted his wife and family without making provision for their support, and was absent ten years.  In 1864 Orvaline died, and in 1877 her husband, Millar, died.  On December 17th 1855, without the joinder of her husband, Orvaline had sold the lot in question to McDaniel and executed to him a deed therefor.

The following were the 4th and 5th points of the plaintiffs, with the answers of the court thereto :—

4. The deed of a married woman in which the husband does not join is void, and conveys no title to the purchaser.

Ans. "This point is affirmed as the general rule of law.  The Act of 1855, however, provides for an exception to this recognised general rule, and the question for the decision of the jury in this case is, whether, under the evidence here submitted, the deed here relied upon by defendant conveyed title or not."

5. The Act of May 4th 1855, does not make such a deed valid unless the married woman has first been decreed a feme sole trader, under the provisions of the fourth section of said act.

Ans. "This point is refused.  If, in point of fact the grantor, Orvaline Jane Millar, was, at the time of the making of the deed by her to the defendant, within the terms of the second section of the Act of May 4th 1855; that is to say, if the jury believe from the evidence that at that time Millar had neglected or refused to provide for his wife, or had deserted her, such neglect or refusal to provide for her, or such desertion having continued for some years before the execution of the deed in question, then the decree was not necessary to give such deed validity."

In the general charge, the court, Galbraith, P. J., inter alia, said :

"Before the passage of the Act of May 4th 1855, the deed of a

[Elsey *v.* McDaniel.]

married woman, without the joinder of the husband, was absolutely void. But by the provisions of that act the wife, deserted by the husband, or whose husband neglects or refuses to provide for her, may sell her land and make a valid conveyance without the joinder of her husband. By the fourth section of that act it is provided that creditors, purchasers, and others may with certainty and safety transact business with a married woman under the circumstances aforesaid; she may, on application to the Court of Common Pleas of the proper county be decreed a feme sole trader, and a certificate granted to her of such fact, and such certificate, it was provided, should be 'conclusive evidence of her authority.' [This decree, as we construe the act, was not an indispensable preliminary to her acting for herself in the disposition of her property. It merely leaves the burden of proof upon the party desiring under her deed to show affirmatively the existence of the facts necessary to bring her within the terms of the law. In the present case, therefore, it is for the jury to find whether the defendant has established affirmatively, as against the proof given by plaintiff, that at the date of the deed here in question, Mrs. Millar had been and then was deserted by her husband, or that he had neglected or refused, and was at that time still neglecting or refusing to provide for her."]

Verdict for defendant. Plaintiff took this writ and alleged that the court erred in the answers to the above points and in the portion of the charge embraced in brackets.

*C. B. Curtis* and *L. S. Norton*, for plaintiffs in error.—A decree under the 4th section of the Act of 1855 is necessary before a married woman can convey her property by a separate deed. Black *v.* Tricker, 9 P. F. Smith 13, only decides that without such a decree, a married woman, when deserted by her husband, may, with her separate earnings, purchase real estate without liability to her husband's creditors. This is very different from holding that a decree is necessary in order to make the deed of a married woman good.

*James Sill* and *S. E. Woodruff*, for defendant in error.—No decree is necessary to enable the wife to have the benefits of the act: Black *v.* Tricker, *supra;* Conley and Wife *v.* Bentley, 6 Norris 40. [See Buchanan *v.* Hazzard et ux., *ante*, p. 240.—Rep.]

The judgment of the Supreme Court was entered November 1st 1880,

Per Curiam.—We consider this case as authoritatively ruled by the judgment of this court in Black *v.* Tricker, 9 P. F. Smith 13. It was held in that case that under the Act of May 5th 1855, it is not necessary that there should be a decree that a wife is to be regarded as a feme sole trader to enable her to hold property under

[Elsey *v.* McDaniel.]

the circumstances mentioned in the act.    The decree was provided for in order that creditors, purchasers and others may, with certainty and safety, transact business with a married woman.    There was ample evidence of desertion by the husband to justify the submission of the case to the jury.

Judgment affirmed.