IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

WESTERN DISTRICT—PITTSBURGH, 1882.

## Bovard *versus* Kettering.

A married woman who has applied for and received the benefits of the Act of April 3rd 1872 (P. L. 35), and has subsequently engaged in business under its sanction, does not thereby become a feme sole trader; but is liable, nevertheless, upon her contracts made in the prosecution of such business, as if she were a feme sole, and may be sued thereon without joining her husband.

October 2nd 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Westmoreland county :* Of October Term 1882, No. 49.

This was an appeal from a judgment of a justice of the peace entered in favor of Jacob D. Kettering, against Sarah E. Bovard, in an action brought against her to recover compensation for services rendered as bar-keeper. Plea, coverture.

On the trial, before HUNTER, P. J., the following facts appeared: On February 3d 1877, the defendant, a married woman, presented her petition to the Court of Common Pleas, declaring her desire to avail herself of the benefit of the Act of April 3d 1872 (P. L. 35), securing to married women their separate earnings ; and by the direction of the court her petition was subsequently filed and recorded. In June 1879 she was duly licensed to keep a tavern in the borough of Greens-

[181]

burg, and in October of the same year she employed the plaintiff as bar-keeper. He remained with her in that capacity for eleven months, and then brought suit against the defendant for his wages, without joining her husband, alleging that by taking advantage of the provisions of the Act of 1872 she became liable as a feme sole trader.

The defendant submitted the following points:

1st. By the plaintiff's failure to set forth in his pleadings such facts as bring this case within some one of the exceptions contained in the Act of 11th April 1848, he cannot charge the wife's separate estate, and cannot recover.

2nd. That there is no feme sole trading in Pennsylvania but what falls within the provisions of some statute, and that all the evidence and pleadings in this case do not bring it under Act of 1718, or any of its supplements, and plaintiff cannot recover.

3rd. That the Act of 1872 does not make the wife, the defendant in this case, a feme sole trader, and she cannot be sued; nor is she personally liable for her debts or contracts, even in her separate business.

4th. That the plea of coverture is a good defence, and if the plaintiff wished to avoid its effects, he must set forth in a replication the special circumstances which make the wife liable, or amend his declaration so as to set forth the circumstances; and having failed to do this, he cannot recover, and the verdict must be for the defendant.

5th. The husband must be held jointly with the wife, because no action will lie against her, even for necessaries, without joining him, as his estate is primarily liable for execution.

The court reserved these points, and directed a verdict to be entered for the plaintiff; subsequently, in an opinion filed refusing defendant's points, the court held, that the Act of April 3d 1872 makes a married woman who complies with its terms a feme sole trader as far as her separate earnings are concerned, and accordingly entered judgment for plaintiff; whereupon the defendant took this writ, assigning for error the refusal of her points and the entry of judgment for plaintiff.

*L. W. Doty* (with whom was *A. M. Given*), for plaintiff in error.—There is no feme sole trading in Pennsylvania which does not fall within the provisions of some statute: Jacobs *v.* Featherstone, 6 W. & S. 346. By taking advantage of the Act of April 3d 1872, the plaintiff in error became entitled to her separate earnings, but she was not thereby constituted a feme sole trader: Ward *v.* Whitney, 5 W. N. C. 492; Adams *v.* Levy, 3 W. N. C. 543; Dillon *v.* Baker, 12 W. N. C. 66.

[Bovard v. Kettering.]

The act was intended for the protection of married women, not for their injury : Mahon v. Gormley, 12 Harris 80. A married woman cannot bind herself by contract. Her capacity and liability are exceptions, under special acts of assembly : Berger v. Clark, 79 Pa. St. 343 ; Steinman v. Ewing, 43 Pa. St. 67. In any event the husband should have been joined : Lippincott v. Hopkins, 7 P. F. S. 328. The circumstances of this case do not bring it within any of the statutory exceptions. If a married woman engage in trade, unless she be a feme sole trader under the Act of 1855 or 1718, her creditors have no remedy against her : Porter v. Pflaum, 11 W. N. C. 252.

*William M. Given,* for defendant in error.—After a married woman has availed herself of the benefit of the Act of April 3d 1872, she is in the same situation as a single woman. She can sue in her own name, and is herself liable : G. & S. Man. Co. v. Goe, 1 Pennypacker 238.

Mr. Justice PAXSON delivered the opinion of the court, November 20th 1882.

It was said in Jacobs v. Featherstone, 6 W. & S. 346, that "There is no feme sole trading by a married woman with us, but such as is licensed and regulated by the statute of 1718." Since that case was decided we have the later Act of May 4th 1855, P. L. 430, which provides that "whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a feme sole trader under the Act of 22d February 1718," &c.

It was not contended that the defendant below was within the protection of either of the above Acts of Assembly. But the learned judge of the Common Pleas was of opinion, and so ruled upon the questions reserved, that the Act of 3d April 1872, P. L. 35, makes a married woman who complies with its terms a feme sole trader so far as her separate earnings are concerned. We do not so understand it. The Act of 1872 was not intended for any such purpose. The Act of 1848 had secured to married women their separate estates, but their earnings still belonged to their husbands : Speakman's Appeal, 21 P. F. S. 25. To remedy this supposed defect in the law, the Act of 1872 provided that "The separate earnings of any married woman of the State of Pennsylvania, whether said earnings shall be as wages for labor, salary, property, business or otherwise, shall accrue to and inure to the separate benefit and use of said married woman, and be under the control of such married woman, independently of her husband, and so as not to be subject to any legal claim of such husband, or to the claims of

[Bovard *v.* Kettering.]

any creditor or creditors of such husband, the same as if such married woman were a feme sole." It will thus be seen that this Act confers but a single right upon a married woman, viz : the right to retain her earnings, from whatever source derived, as against her husband and his creditors. Any married woman in the state, with or without cause, may avail herself of the benefit of the Act of 1872, while to entitle her to become a feme sole trader, she must bring herself within either the Act of 1718 or 1855.

The defendant below is a married woman, and had availed herself of the benefit of the Act of 1872. Her petition had been presented in the Common Pleas, and properly recorded. Subsequently she obtained a license to keep an inn or tavern in the borough of Greensburg, and this suit was brought against her by her bar-keeper for his wages. There was no dispute as to the services having been performed, and little as to their value. The defendant set up her coverture in bar of the action, and the learned court reserved the question of her liability. Subsequently judgment was entered for the plaintiff upon the reserved question.

We think the learned judge was not strictly accurate in holding that the defendant was a feme sole trader so far as her separate earnings are concerned. She was a feme covert, with the right to enjoy her earnings as a feme sole.

Is a married woman who has applied for and received the benefits of the Act of 1872, and who has subsequently engaged in business under the sanction and protection of said Act, liable to be sued upon her contracts made in the prosecution of such business ?

It is conceded she is not liable upon her contracts generally. But there is a line of cases since the Act of 1848 which hold that so far as it becomes necessary to the use and enjoyment of her separate estate a married woman may both sue and be sued : Sheidle *v.* Weishlee, 4 Harris 134 ; Murray *v.* Keyes, 11 Casey 384 ; Lippincott *v.* Hopkins, 7 P. F. S. 328. Were it otherwise, a married woman, no matter how ample her estate, could not put a new roof on her house when necessary, nor rebuild it if destroyed. If she loaned her money out, she could not recover it back. On the other hand, the mechanic who repaired her roof or rebuilt her house, would have had no remedy to recover his money.

The Act of 1872 is but an extension of the Act of 1848. Is there any reason why the above stated rule should not apply ? The Act secures to her the earnings of her business. This is an implied authority to engage in business. She is to enjoy her earnings " the same as a feme sole." If she assumes the rights of a feme sole, she is also subject to the duties and liabilities of

[Bovard *v.* Kettering.]

a feme sole.   The Act of 1872 was not intended to license a class of female pirates who should engage in business without responsibility, and make reprisals upon the grocer, the baker, the butcher, the mechanic, and other persons with whom she may deal in the transaction of her business.   To the extent that the defendant obtained the services and property of others in keeping her hotel, she is liable to the parties in a suit at law precisely as if she were a feme sole.

Objection was made that her husband was not joined in the suit.   Why should he be?   It is not pretended that he is responsible for the debts contracted by the defendant in her business.   The rule of the common law undoubtedly is that a married woman can neither sue nor be sued without the joinder of her husband.   The reason of the rule is the unity of the parties.   The legal existence of the wife is merged in that of her husband.   The Acts of 1848 and 1872 have emancipated married women to some extent from the shackles of the common law.   For certain purposes, a married woman now stands upon the same plane as a feme sole.   To this extent the legislation referred to has destroyed that unity of person which existed at the common law, and which required the joinder of her husband in a suit by or against her.   Why should the rule be applied here?   *Cessante ratione legis cessat ipsa lex.*   It has been expressly decided that in a suit against a feme sole trader her husband need not be joined :  Burke *v.* Winkle, 2 S. & R. 189.

It would have been more orderly had there been a replication to the plea of coverture.   But as we have not been furnished with the plea, we decline to consider this question.

We are of opinion the plaintiff below was entitled to judgment upon the points reserved.

Judgment affirmed.