## Coles's Case.

*Married women—Husband and wife—Feme sole trader—Appeals—Certiorari—Evidence.*

1. An appeal by a husband from an order of court declaring his wife a feme sole trader is to be treated merely as a certiorari.

2. An averment in a petition by a married woman to have herself declared a feme sole trader, of her husband's desertion of her, gives the court jurisdiction.

3. Where on a petition by a married woman to have herself declared a feme sole trader it appears that the husband had due notice of the hearing, and two responsible witnesses satisfy the court of the propriety of the petitioner's application, the action of the court in granting the petition will not be reversed.   In such a case the question as to whether the wife was a competent witness is immaterial, and will not be considered by the appellate court, and this is especially so where no objection was made as to her competency in the lower court.

Argued Oct. 26, 1910.   Appeal, No. 139, Oct. T., 1910, by Noah Coles, from decree of C. P. No. 1, Allegheny Co., March T., 1909, No. 732, declaring a woman a feme sole

trader In re Petition of Josephine A. Coles. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Petition to declare a woman a feme sole trader.

The petition was as follows:

The petition of Josephine A. Coles respectfully represents:

That she is the wife of Noah Coles, to whom she was married on October 22, 1903, and that she resides at and owns real estate at No. 5640 Rural avenue in the city of Pittsburg, Allegheny county, Pennsylvania, and also owns other real estate in said city.

Petitioner avers that her husband, the said Noah Coles, deserted your petitioner on or about January 19, 1908, and since said time petitioner has never seen or heard from said Noah Coles, and the said Noah Coles since said date has neglected to provide for your petitioner, his wife.

Wherefore your petitioner prays that your honorable court will make a decree and grant her a certificate that she shall have all the rights and privileges secured to a feme sole trader as provided by the Act of assembly of May 4, 1855, P. L. 430.

Noah Coles, petitioner's husband, filed an answer denying the desertion, and supported this denial by his testimony at the hearing.

The court granted the petition.

*Error assigned* was order granting the petition.

*John D. Watson*, with him *Haven V. Wolf*, for appellant.—The court erred in taking jurisdiction of said matter because, under said petition, the court was without jurisdiction to make said order: Cleaver v. Scheetz, 70 Pa. 496.

Josephine A. Coles was not a competent witness in this case: Canole v. Allen, 222 Pa. 156.

The court erred in finding from the testimony given

that Noah Coles had willfully and maliciously deserted his said wife, Josephine A. Coles, and had willfully refused and neglected to support her: Weiler v. Greiner, 34 Legal Int. 13; King v. Thompson, 87 Pa. 365.

*Robert B. Petty, Jr.*, with him *R. B. Petty* and *Wm. F. Petty*, for appellee.

PER CURIAM, January 3, 1911:

In a proceeding instituted by Josephine A. Coles, under the Act of May 4, 1855, P. L. 430, the court below made a decree securing to her the privileges of a feme sole trader, and from it her husband has taken this appeal. His appeal, if he had a right to take it, is to be treated merely as a certiorari. As to his objection that the court erred in taking jurisdiction, it is sufficient to say that in addition to the appellee's averments in her petition that she was the wife of the appellant and the owner of real estate, there is jurisdictional averment of his desertion of her. This was sufficient to give the court jurisdiction; and it further appears from the record that, before the court granted her a certificate, it had appeared that due notice of the hearing of the application had been given to the husband and that the court had been satisfied by the testimony of at least two responsible witnesses of the justice and propriety of the petitioner's application. This met every requirement of the fourth section of the act.

The second objection of the appellant is that his wife was not a competent witness. No objection was made to her competency when she was called and examined; but, aside from this, two other witnesses were called, who testified that the husband had not lived with her for more than a year before her application was filed.

Decree affirmed at appellant's costs.