## Gartrell's Petition

*L. Wagner*, for petitioner.

ALESSANDRONI, J., April 12, 1937.—Cora H. Gartrell has filed her petition to be declared a feme sole trader, averring that she was married to James L. Gartrell on July 30, 1932; that her husband made some provision for her support during the first year of her married life but thereafter, from July of 1933 until September 24, 1936, he made no contribution whatsoever for her support and maintenance; that she has been obliged to transact business on her own behalf for her own support, and that her husband has neglected and refused to provide for her since September 24, 1936, when he wilfully and maliciously deserted her at Philadelphia, since which time he has not resided with her or contributed in any manner to her support and maintenance; that they have lived apart from September 24, 1936, and all marital relations between them have ceased. The petition is supported by affidavits of two respectable citizens, namely, Amy Louise Hallas and Mary B. Suttie. Proof of publication has also been filed. James L. Gartrell, whose whereabouts are unknown, was not personally served and was not present at the hearing of the petition. It is averred further that petitioner is the owner of certain property which it is necessary for her to manage and dispose of in order to provide for and support herself.

Is Cora Gartrell entitled under these facts to a decree

declaring her to be a feme sole trader? We are to determine whether under the statute in force she should be granted relief. There is no feme sole trading in Pennsylvania except such as falls under some act of assembly: Jacobs v. Featherstone, 6 W. & S. 346. The Act of February 22, 1718, 1 Sm. L. 99, sec. 1, provided relief for the shopkeeping wives of mariners and others going to sea, enabling them to be feme sole traders without the disability of coverture.

Petitioner's right to relief, if any, must be found in the language of the Act of May 4, 1855, P. L. 430, sec. 2, or of the Act of May 28, 1915, P. L. 639, sec. 1, or both.

The Act of 1855, supra, provides:

"That whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a *feme sole* trader."

Petitioner has established the fact that her husband has neglected or refused to provide for her, and there is therefore compliance with that requirement of the Act of 1855. Since the husband is charged with deserting petitioner as of September 24, 1936, it cannot be said that the two-year requirement has been fulfilled. The Act of 1915 enlarged the scope of the remedy by providing, inter alia:

"That whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more has not supported his wife, nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained either by the wife, by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate, then, in such case, the wife may petition the court of common pleas of the county in which she resides to be decreed a feme sole trader; and, if it thereupon appear, upon proof presented, that the wife and husband have been living separate and apart for one year or more, that the husband has not sup-

ported nor contributed toward the support of his wife, and that the wife by her own industry, or the joint industry of herself and her children, or by reason of an income from her own estate, has maintained herself or been maintained by her children, then, in every such case, the wife shall be declared a feme sole trader".

It will be noted that the Act of 1855 provided for relief in the case of neglect or refusal to provide, from drunkenness, profligacy or other cause. Interpreted literally, it may be fairly said that whenever there was a refusal to provide for whatever cause the wife was entitled to relief. The Act of 1915, however, has in our opinion qualified the Act of 1855 so as to set up a requirement that there must be a living apart and separate for one year or more and that all marital relations have ceased, that the husband for one year or more has not supported his wife and that the wife had to maintain herself from the income of her separate estate. If we are correct in this interpretation the petition falls short of the necessary requirements. Husband and wife have not lived apart and separate for one year or more:

"The distinction in the acts is clear, both with regard to the conditions necessary to entitle a female to relief and the proof required.

"In the early act, neglect or refusal to support a wife on account of drunkenness, profligacy or other cause, or desertion, entitled the female to such relief.

"In the later act, a living apart for a year, during which time all marital relations have ceased, and the husband has failed to support his wife, entitles the latter to seek relief": In re Bessie D. Bremer, 3 D. & C. 685, 688.

We cannot concur in the position taken by petitioner that she is entitled to a decree under the provisions of the Act of 1855 independently of the Act of 1915. It cannot be said that the husband deserted his wife within the meaning of the Act of 1855, when desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without

cause, for two years. The most that has been shown is a separation well under the statutory period of one year, which in our opinion renders the application premature. The petition must, therefore, be dismissed.

And now, to wit, April 12, 1937, the petition of Cora H. Gartrell to be declared a feme sole trader is dismissed.