Walsh's Appeal.

Argued April 19, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Clarence J. Buckman,* of *Buckman & Buckman,* for appellant.

*Harry B. Berk,* for appellee.

OPINION BY MR. JUSTICE LINN, May 26, 1938:

This appeal is from an order dismissing the petition of Marie A. Walsh to be decreed a feme sole trader. We review the record as on certiorari: *Graver's Petition,* 260 Pa. 186, 189, 103 A. 601.

As early as the Act of February 22, 1718, 1 Sm. L. 99, it was provided that a married woman might become a feme sole trader.[1] The class to whom that privilege was available was enlarged by sections 2 and 4 of the Act of May 4, 1855, P. L. 430, 48 PS sections 42, 43, entitled: "Relating to certain duties and rights of Husband and Wife, and Parents and Children." Section 2 provided: "That whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a *feme sole* trader, under the act of the twenty-second of February, one thousand seven hundred and eighteen, entitled 'An Act concerning *feme sole* traders,' and be subject as therein provided, and her property, real and personal, howsoever acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by such husband, and in case of her intestacy shall go to her next of kin, as if he were previously dead." Section 4 prescribed the steps to be taken to obtain a certificate, providing that "she may present her petition to the court of common pleas of the proper county, setting forth under affidavit, the facts which authorize her to act as aforesaid, and if sus-

---

[1] ". . . where any mariners or others are gone, or hereafter shall go, to sea, leaving their wives at shop-keeping, or to work for their livelihood at any other trade in this province, all such wives shall be deemed, adjudged and taken, and are hereby declared to be, as feme-sole traders, and shall have ability and are by this act enabled, to sue and be sued, plead and be impleaded at law, in any court or courts of this province, during their husbands' natural lives, without naming their husbands in such suits, pleas or actions. . . ."

504

tained by the testimony of at least two respectable witnesses, and the court be satisfied of the justice and propriety of the application, such court may, upon such notice as they may direct, make a decree and grant her a certificate. . . ."[2]

A third act,[3] approved May 28, 1915, P. L. 639, 48 PS section 44, provides: "That whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more has not supported his wife, nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained either by the wife, by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate, then, in such case, the wife may petition the court of common pleas of the county in which she resides to be decreed a feme sole trader; and, if it thereupon appear, upon proof presented, that the wife and husband have been living separate and apart for one year or more, that the husband has not supported nor contributed toward the support of his wife, and that the wife by her own industry, or the joint industry of herself and her children, or by reason of an income from her own estate, has maintained herself or been maintained by her children, then, in every such case, the wife shall be declared a feme sole trader; and thereupon her property, real and personal, however acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by such husband, and, in case of intestacy, shall go to her next of kin as if he were previously dead."

---

[2] "An Act securing to married women their separate earnings" was approved April 3, 1872, P. L. 35, 48 PS section 34: *Bovard v. Kettering,* 101 Pa. 181; *Orr v. Bornstein,* 124 Pa. 311, 16 A. 878.

[3] Amended May 11, 1927, P. L. 971.

The record shows that the parties separated October 28, 1925, and that appellant's husband has not contributed to her support since August 5, 1929, except under an order of the municipal court made on that date; that during the period from October, 1925, the parties have lived separate and apart with cessation of all marital relations. From their separation to the time of the hearing respondent contributed approximately $6,650 pursuant to an order in a non-support proceeding brought in the municipal court. When appellant's petition was filed, respondent was in arrears $254 and, at the time of the hearing, $274, representing an arrearage period of slightly more than four months.

In dismissing the petition the learned court below said that the Act of 1915 "makes no distinction between money voluntarily paid to the wife toward her support and money paid to her under an order of Court. The requirement of the Act is that the husband has not supported nor contributed toward the support of his wife for one year or more. The question of support is the controlling factor and we are of opinion that where the husband has contributed, either voluntarily or by order of Court, toward the support of his wife, she cannot be declared a feme sole trader."

We are not called upon by this record to attempt to put definite limits on the meaning of the clause "that the husband has not supported nor contributed toward the support of his wife" in view of the amount of the municipal court order, considering the husband's circumstances. The arrearage period of between four and five months[4] is of course less than the period of a year, which is fixed by the statute as one of the essentials to the granting of a feme sole trader's certificate. The act also provides that it must appear "that the wife by her

---

[4] This period was not continuous but is arrived at by crediting payments as made against the amount accruing from week to week: *Lorch's Estate,* 284 Pa. 500, 508, 131 A. 381.

own industry, or the joint industry of herself and her children, or by reason of an income from her own estate, has maintained herself or been maintained by her children." The record is perhaps deficient in respect of that requirement. When inquiry was made of her concerning the source of her support other than that received from her husband she declined to state her earnings. "Q. In your petition you say that you and your child are maintained solely by yourself, and not by your husband. What business have you been engaged in to pay for the support of yourself and child? A. In what petition did I say that? Q. The one that you just filed in Court for the purpose of being declared a feme sole trader, paragraph 5. In what business have you been engaged so that you have been able to support yourself and child? A. In clerical work. Q. How much do you earn a week? A. I do not care to answer that."

The purpose of feme sole trader legislation is not punitive. Punishment for desertion and neglect to support is the subject of other legislation: Act of March 13, 1903, P. L. 26, 18 PS section 1256 et seq.; July 12, 1919, P. L. 939, 18 PS section 2159. A civil remedy is provided by the Act of May 23, 1907, P. L. 227, 48 PS section 131, as amended. Other familiar legislation provides for support orders, such as appellant obtained. As the effect of a feme sole trader declaration deprives her husband of the right to share in her property, as specified, the declaration should not be made unless conditions imposed by the legislature clearly appear in the record. In *Knauer's Petition*, 287 Pa. 115, 118, 134 A. 463, we said: "It is a drastic statute, depriving a husband of his rights in a summary manner, without trial by jury, and cannot be unduly extended." Also see *Harper's Petition*, 288 Pa. 52, 135 A. 617. The case presented is not within the terms of the statute.

Order affirmed, costs to be paid by appellant.