## Bankert Petition

*Daniel E. Teeter* and *Eugene R. Hartman,* for petitioner.

*Keith, Bigham & Markley,* for respondent.

SHEELY, P. J., January 14, 1950.—Petitioner filed a petition praying that she might be declared a feme sole trader. An answer was filed by her husband, respondent. At the conclusion of the testimony offered by petitioner, respondent moved to dismiss the petition on the ground that the testimony was insufficient to establish her right to a certificate.

Proceedings to have a woman declared a feme sole trader are purely statutory and petitioner must point to some statute which authorizes an order based on the facts of her case: Jacobs v. Featherstone, 6 W. & S. 346 (1843). There are three statutes in Pennsylvania

dealing with the subject and the requirements of each are reviewed in the case of Walsh's Appeal, 330 Pa. 502 (1938). The Act of February 22, 1718, 48 PS §41, is restricted to the wives of mariners and others who have gone to sea and does not apply in this case. The Act of May 28, 1915, P. L. 639, 48 PS §44, as amended, does not apply since petitioner alleges in her petition, and admits, that her husband has contributed $10 per week toward her support pursuant to an order of the court of quarter sessions. Where a husband has contributed, either voluntarily or by order of court, toward the support of his wife, she cannot be declared a feme sole trader under this act: Walsh's Appeal, 330 Pa. 502 (1938).

Petitioner's case must therefore depend upon the Act of May 4, 1855, P. L. 430, 48 PS §42, which provides that:

"Whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to provide for his wife, or shall desert her, she shall have all the rights and privileges secured to a feme sole trader. . . ."

Since respondent has provided for his wife, under order of court, the issue is confined to the question of whether he has deserted her, and, under section 4 of the act, petitioner must sustain the allegations of her petition "by the testimony of at least two respectable witnesses." In Morrish v. Morrish, 262 Pa. 192 (1918), the Supreme Court said:

"The two-witness rule (under the Act of May 28, 1913, P. L. 358—12 P. S. 1222) does not require that every detail of one witness's testimony must be verified by the direct evidence of another, but only that a litigant's material, or controlling, allegations must be sustained by either one other witness or equivalent corroborating circumstances."

The material or controlling allegation here is the fact of desertion and the question presented is whether that allegation is supported by the testimony of two witnesses.

The testimony of petitioner was to the general effect that respondent was "running around" and to certain suspicious circumstances in connection therewith. She testified that he once told her he did not care for her any more and that she did not tell him to leave or give him any reason to leave. No facts are testified to concerning the actual departure of respondent or as to what occurred at that time. Respondent admits in his answer that he has been living separate and apart from petitioner since August 25, 1946, and that all marital relations between them have ceased but denies that he at any time deserted petitioner. Two witnesses were called by petitioner who testified merely that to the best of their knowledge the parties have lived separate and apart since August 1946.

Giving to petitioner the benefit of all inferences, the only facts testified to by two witnesses or the equivalent are that the parties have been living separate and apart since August 1946, and that respondent has been paying petitioner $10 per week under an order of the court of quarter sessions. This is insufficient to establish a prima facie case of desertion on his part. To constitute desertion there must be not only an actual abandonment of matrimonial cohabitation but it must be with intent to desert, wilful and without cause. Mere separation is not desertion, but the intent to desert is presumed when either party withdraws from the residence of the other without cause or consent: Lodge's Estate, 287 Pa. 184, 186 (1926). Where the evidence shows nothing more than that one party has lived away from his or her spouse for over two years it fails to prove that such absence was wilful and malicious and without just cause: Price v. Price, 83 Pa.

Superior Ct. 446 (1924). In the case just cited the Superior Court said:

"While the intention to desert may be inferred from circumstances, to justify such inference, the facts in evidence must show a perverse withdrawal from the common domicile, without cause or consent, persisted in for the space of two years."

Likewise, in Cooper v. Cooper, 37 Pa. Superior Ct. 246 (1908) it was held that evidence that a wife had removed her furniture from the home while libellant was absent was insufficient to establish desertion, the Superior Court saying:

"There was no evidence as to the circumstances under which she first left the house, nor as to what occurred at that time or immediately prior thereto. There was no evidence as to whether she went voluntarily, was expelled by her husband, or in pursuance of a mutual agreement. The fact that they lived apart would establish that there had been a separation. . . . Separation is not willful and malicious desertion. . . ." See also Ulizio v. Ulizio, 96 Pa. Superior Ct. 91, 95 (1929).

Petitioner contends that the order of the court of quarter sessions directing respondent to pay a weekly sum for the support of petitioner was based on a finding of desertion and therefore is the equivalent of a second witness. This position cannot be sustained for at least two reasons. It is the duty of a husband to support his wife unless she has, by conduct which would be a valid ground for divorce, forfeited her right to support. Where parties are living apart by mutual consent neither is guilty of desertion, but the duty of the husband to support the wife continues and will be enforced: Commonwealth ex rel. Myerson v. Myerson, 160 Pa. Superior Ct. 432, 434 (1947); Commonwealth v. Sincavage, 153 Pa. Superior Ct. 457, 460 (1943); Commonwealth v. Henderson, 143 Pa. Superior Ct.

347, 350 (1940). The order is therefore not necessarily proof of desertion, but is proof merely that he separated himself from his wife without reasonable cause. Furthermore, a support order may be entered in quarter sessions on the uncorroborated testimony of the wife. If an order based on her uncorroborated testimony is to be considered as the equivalent of the testimony of an additional witness in a feme sole trader proceeding we would have the anomalous situation of a wife being able to transform her individual testimony into the testimony of two witnesses by the simple expediency of securing a support order.

Petitioner contends that proof of desertion required in a feme sole trader proceeding should not be more strict or difficult than proof of desertion required in a divorce proceeding. This may be true, but the simple fact is that the legislature has required proof by two witnesses in one case and not in the other: See Taylor v. Taylor, 142 Pa. Superior Ct. 441 (1940). There is a valid reason for this distinction, however: A divorce not only severs all rights between the parties but also releases all liabilities, while a feme sole trader proceeding merely deprives a husband of his rights in his wife's property without releasing him from his liability to support her or eliminating her rights in his property. In her petition petitioner alleges that the purpose of this proceeding is to enable her to convey a piece of real estate without the joinder of her husband although she would at the same time retain her right to receive the weekly allowance under the court order and her right to share in his estate.

Finally petitioner contends that it is not necessary in a case of this type to prove actual desertion or the intent of respondent in leaving; that proof of the separation and cessation of marital relations is sufficient until respondent shows sufficient cause or consent. This is not the law. While it is true that in Mertz v. Mertz,

119 Pa. Superior Ct. 538 (1935), and in similar cases, the expression is used: "When separation for the requisite period has been proven by the libellant and the other party claims justification for such action, the burden rests upon that party to prove consent or a reasonable cause", an examination of the facts in those cases will disclose that libellant had not only proved the fact of separation but had also proved the circumstances surrounding the separation, which circumstances were sufficient to justify an inference of an intention to desert.* Nor is petitioner aided by Coles' Case, 230 Pa. 162 (1911) or Ulrich's Case, 267 Pa. 233 (1920). Both cases were before the Supreme Court on certiorari and the merits of the cases were not before the court for review. Consequently the court did not go into the detailed testimony of the witnesses but merely indicated in the one case that there were two witnesses, and in the other case that an ex parte affidavit had been received in evidence without objection and was properly considered by the court in determining the justice and propriety of the application.

Petitioner's difficulty is her inability to prove the fact of desertion by the testimony of two witnesses so as to bring herself within the terms of the statute. Instead, she has attempted to show improper conduct on the part of respondent. In Walsh's Appeal, 330 Pa. 502 (1938) the court said:

"The purpose of feme sole trader legislation is not punitive. Punishment for desertion and neglect to support is the subject of other legislation. . . . Other

---

* In I Freedman on Marriage and Divorce, page 657, the rule is stated:

"The mere departure of respondent proves only an absence from the habitation, and not a desertion. It is, therefore, essential that the evidence show not only the departure, but also, where the intent to desert is not specifically proven, the circumstances from which it may be inferred. Wherever such circumstantial evidence is wanting and express intent to desert is not shown, the charge of desertion must necessarily fail."

familiar legislation provides for support orders, such as appellant obtained. As the effect of a feme sole trader declaration deprives her husband of the right to share in her property, as specified, the declaration should not be made unless conditions imposed by the legislature clearly appear in the record. In Knauer's Petition, 287 Pa. 115, 118; 134 A. 463, we said: 'It is a drastic statute, depriving a husband of his rights in a summary manner, without trial by jury, and cannot be unduly extended.' . . . The case presented is not within the terms of the statute."

And now, January 14, 1950, the petition is dismissed at the cost of petitioner.