## Jones Petition

*William Taylor, Jr.,* for petitioner.
*James A. Cochrane,* for respondent.

ERVIN, P. J., April 12, 1950.—This was a petition filed by Lucy J. Jones for a certificate declaring her to be a feme sole trader, to which an answer was filed by her husband, George M. Jones.

The petition of Mrs. Jones purports in the caption thereof to be filed under the Act of May 4, 1855, P. L.

430, sec. 2, 48 PS §42. Respondent contends that she is not entitled to a decree under the Act of 1855 and argues that she may not have a decree under the Act of May 28, 1915, P. L. 639, sec. 1, as amended, 48 PS §44, because, first, she has not attempted to amend her petition and, second, because respondent's contributions, even though under a court order, preclude such a certificate under the Act of 1915. In our opinion petitioner is entitled to a certificate under the Act of 1855 and, under the facts of this case, the provisions of the Act of 1915 are immaterial. This is made clear when we analyze the history of the feme sole trader acts. The original act was that of February 22, 1718, 1 Sm. L. 99, sec. 1, 48 PS §41, which provides:

"Where any mariners or others are gone, or hereafter shall go, to sea, leaving their wives at shopkeeping, or to work for their livelihood at any other trade in this province, all such wives shall be deemed, adjudged and taken, and are hereby declared to be, as feme sole traders, and shall have ability and are by this act enabled, to sue and be sued, plead and be impleaded at law, in any court or courts of this province, during their husbands' natural lives, without naming their husbands in such suits, pleas or actions. . . ." and provided a procedure for judgments and executions thereon in such cases. It will be noticed that there was no provision for any certificate to be issued by the court and there was no provision that the going to sea by a mariner should rise to an act of desertion on his part. The mere fact that the mariner went to sea and left his wife at shopkeeping, etc., created a status which was declared by the act itself to create the wife as a feme sole trader.

An additional act was passed by the legislature in 1855, which provided:

"Whensoever any husband, from drunkenness, profligacy or other cause, shall neglect or refuse to pro-

vide for his wife, *or shall desert her*, she shall have all the rights and privileges secured to a feme sole trader, under the act of February 22, 1718, entitled 'An act concerning feme sole traders', and be subject as therein provided, and her property, real and personal, howsoever acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by such husband, and in case of her intestacy shall go to her next of kin, as if he were previously dead." (Italics supplied.)

It will be noticed that this act first of all extended the rights and privileges which were secured to a feme sole trader under the Act of 1718 to situations where a husband from drunkenness, profligacy or other cause shall neglect or refuse to provide for his wife or where the husband shall desert his wife, and, second, that it added to the rights and privileges heretofore secured the additional right that the wife's property, real and personal, howsoever acquired, shall be subject to her free and absolute disposal during life or by will, without any liability to be interfered with or obtained by her husband and in case of her intestacy, it should pass to her next of kin as if her husband were previously dead. It is true that by section 4 of the Act of 1855 the wife was authorized to present a petition to the court for the granting of a certificate that she be authorized to act as a feme sole trader. This right was for the protection of her creditors and others with whom she desired to transact business. As was pointed out in the case of Thornton v. Pierce, 328 Pa. 11, at page 14:

". . . but the certificate thus obtainable does not *create* the status of a feme sole trader, nor is it a prerequisite to the wife's exercise of her rights under the act. It is merely a judicial *recognition of the existence* of such rights; these result from the fact of the husband's desertion or neglect to provide for her, and not from the granting of the certificate: *Black v. Tricker*,

59 Pa. 13; *Elsey v. McDaniel,* 95 Pa. 472." (Italics as in the opinion.)

Therefore, the wilful desertion of the wife by the husband in itself created in her the status of a feme sole trader. This was the status of the law prior to the Act of 1915, which was passed to meet the situation where the wife was unable to establish a wilful desertion, because the separation was consentable or from some other similar reason. As amended, it provides:

"Whenever a husband and wife reside together under the same roof, and the husband has failed to support his wife or family for a period of five years or more, although there is no desertion, or whenever a husband and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife, nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained either by the wife, by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate, then, in either such case, the wife may petition the court of common pleas of the county in which she resides to be decreed a feme sole trader; . . ."

It will be noticed that while this act no longer requires the wife to prove a wilful desertion, she is required to show that the husband has not supported her nor their children and that the act itself does not create the status of a feme sole trader but that the wife must petition the court in order to obtain such status. It was held in Ulrich's Case, 267 Pa. 233, that the Act of 1915 did not repeal the Act of 1855 and that both acts could stand together.

In the present case if petitioner had been unable to establish wilful desertion it would become material to decide whether the support furnished by the husband

under the court order would have barred her from obtaining a certificate but since we are satisfied from the evidence and have so found that respondent did wilfully and maliciously desert petitioner in January 1935, we hold that her status became fixed as of that time and the question concerning the support order becomes immaterial.

The cases cited by respondent are readily distinguishable: Walsh's Appeal, 330 Pa. 502; Appeal of Mary E. Bonz, 28 Schuyl. 122; Diedrich's Petition, 48 Pa. C. C. 605; Flannery's Petition, 4 D. & C. 645; Hajdauic's Petition, 75 Pitts. L. J. 549; Ivan's Petition, 79 Pitts. L. J. 123; are all cases under the Act of 1915.

Hockenberry's Petition, 53 D. & C. 275, did not rely on any specific act but the court treated it as if it were filed under the Act of 1915, but the only action taken was to postpone the hearing because of the provisions of the Federal Soldiers' and Sailors' Civil Relief Act of 1940.

In Hershkovitz Petition, 60 York 117, there was an express finding by the court that the husband did not desert the wife and In re Anderson, 24 Del. Co. 514, the court states that petitioner's proof did not show a wilful desertion.

One other matter requires comment. The Act of 1855 requires that petitioner who applies to the court for a certificate shall sustain her petition by the testimony of at least two respectable witnesses. When Ulrich's Case, supra, was decided the Act of May 23, 1887, P. L. 158, 28 PS §317, provided that the husband or wife should not be competent or permitted to testify against each other but by the amendment of May 10, 1927, P. L. 861, a special exception was made concerning proceedings brought by a wife to be declared a feme sole trader. Therefore, the testimony in this case of petitioner herself, corroborated by her son, meets the requirements of the act.