## Arslanian v. Arslanian

*Frank J. Lynch*, for petitioner.
*Saul Levit*, for respondent.

WRIGHT, J., November 4, 1974.—Petitioner filed a petition requesting this court to declare her a feme sole trader.

The parties separated on April 1, 1972, in Philadelphia, and have lived separate and apart since that date. On the day of separation, petitioner, and the parties' two children, went to live with petitioner's mother in Millbourne. After staying with her mother for approximately three months, petitioner and her children moved to an apartment in Upper Darby. Prior to separation, the parties had been having marital difficulties for a considerable time, and the hearing judge is satisfied that petitioner had legal cause to leave the common domicile.

In 1972, petitioner commenced support proceedings in this court as of September sessions, 1972, no. F-19-210. In those proceedings, Judge Wherry entered an order against the respondent in the sum of $80 a week. Subsequently, by agreement of the parties, the support order was reduced to $70 ($20 for wife and $25 for each child) a week. Because the order entered

by Judge Wherry in August 1972 was retroactive, the respondent, as of August 14, 1972, was in arrears in the sum of $560. At the time of the hearing in these proceedings, the respondent was in arrears in the sum of $1,425.

Based on the respondent's failure to keep the support order current, the petitioner contends that he has failed to support his wife and children for more than a period of one year. It is clear to the hearing judge, however, that the respondent has made some payments on the support order within the period of one year prior to the filing of this petition, and, in fact, within one year prior to the hearing on the petition. He has, therefore, contributed something toward her support within the year prior to the filing of the petition.

Petitioner presented other evidence to the effect that, since the parties separated, she has supported the children and herself by loans from her family and earnings from employment. The hearing judge finds this evidence to be credible, and is satisfied that because of respondent's failure to keep the support order current, it was necessary for petitioner to work and also borrow money to support herself and the two children.

The evidence presented at the hearing on this petition also makes it clear that all marital relations between the parties ceased before April of 1972.

The Act of May 28, 1915, P. L. 639, sec. 1, as amended, 48 PS §44, provides, in part, as follows:

"whenever a husband and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more, has not supported his wife, nor their child or children, if any they have, from the time of the separation of the husband and wife, and the wife and child, or children, if any there are, are maintained

either by the wife, by the joint efforts of the wife and children, by the children, or from the income of the wife's separate estate, then, in either such case, the wife may petition the court of common pleas* of the county in which she resides to be decreed a feme sole trader; and, if it thereupon appear, upon proof presented, that the husband has failed to support his wife or family for a period of five or more years, or that the wife and husband have been living separate and apart for one year or more, that the husband has not supported nor contributed toward the support of his wife, and that the wife by her own industry, or the joint industry of herself and her children, or by reason of an income from her own estate, has maintained herself or been maintained by her children, then, in every such case, the wife shall be declared a feme sole trader; and thereupon her property, real and personal, however acquired, shall be subject to her free and absolute disposal during life, or by will, without any liability to be interfered with or obtained by such husband, and, in case of intestacy, shall go to her next of kin as if he were previously dead."

Petitioner contends that the respondent has failed to, in any way, support his wife and children for a period of over a year, taking the position that what support he did give them was by virtue of the support order and was not voluntary. Also that, since the support payments were not voluntarily made, the petitioner is entitled to be declared a feme sole trader.

On the other hand, respondent contends that if a husband renders some support within a year of the wife's filing of a petition requesting to be declared a feme sole trader, even though the support is rendered involuntarily (by reason of a support order), the petition must be dismissed.

The respondent also contends that the above-mentioned act is unconstitutional, in that it violates article I, sec. 28, of the Constitution of the Commonwealth of Pennsylvania. Article I, sec. 28, of the Constitution of the Commonwealth of Pennsylvania provides:

"Equality of rights under law shall not be denied or abridged in the Commonwealth of Pennsylvania because of the sex of the individual."

It is the respondent's contention that the aforementioned act is unconstitutional since it provides for a petition to be presented by a wife only, and authorizes the court to declare as a sole trader a wife only.

It was stated above that the petitoner certainly had legal cause to separate from the respondent. She certainly is entitled to be supported by the respondent, yet the respondent has failed miserably in his obligation to support her and the children. From the evidence presented, it appears that the respondent has made very, very little effort to meet his obligation of support.

Under the provisions of the Act of May 28, 1915, P. L. 639, sec. 1, as amended, supra, which are pertinent to this case, a wife seeking to be declared a feme sole trader must show:

(a) that she and her husband have lived separate and apart for at least one year;

(b) that all marital relations between them must have ceased for at least one year;

(c) that her husband has not supported her, or contributed to her support, for at least one year; and

(d) that the wife and children are maintained by the wife out of her estate, or by her working, or the joint efforts of the wife and children.

The petitioner in this case has shown (a), (b) and (d) supra.

The issues in this case are:

1. Where a husband has failed to support his wife and children for a period of more than one year, but by virtue of a support order has contributed something (although very little) toward the support of his wife and children within that period, may the wife be declared a feme sole trader?

2. Does the Feme Sole Trader Act of May 28, 1915, P. L. 639, sec. 1, as amended, 48 PS §44, violate the provisions of Article I, sec. 28, of the Constitution of the Commonwealth of Pennsylvania that is presently in effect?

Turning to the first issue, petitioner has cited several lower court cases for the proposition that contribution to support by reason of a support order is not a voluntary contribution on the part of the husband and, therefore, such payments will not defeat the wife's right to be declared a feme sole trader. After reading those cases, the hearing judge was very impressed with them. If there ever was a situation in which those cases should be followed, this is it.* It is to be noted, however, that the cases cited by petitioner were decided before the year 1938, and that they were lower court cases.

On the other hand, in 1938, our Supreme Court held in Walsh's Appeal, 330 Pa. 502, that under the Act of May 28, 1915, P. L. 639, sec. 1, as amended, supra,

---

*However, the purpose of the Feme Sole Trader Act is not punitive: Walsh's Appeal, 330 Pa. 502. The petitioner does possibly have a remedy under our support laws. Under the support laws she can have the husband cited for failure to comply with the support order. She may even reduce the arrears to judgment and proceed against his property.

there is no distinction between money voluntarily paid a wife and money paid to her under a court order. In Walsh's Appeal the court said:

"The record shows that the parties separated October 28, 1925, and that appellant's husband has not contributed to her support since August 5, 1929, except under an order of the municipal court made on that date; that during the period from October, 1925, the parties have lived separate and apart with cessation of all marital relations. From their separation to the time of the hearing respondent contributed approximately $6,650 pursuant to an order in a non-support proceeding brought in the municipal court. When appellant's petition was filed, respondent was in arrears $254 and, at the time of the hearing, $274, representing an arrearage period of slightly more than four months.

"In dismissing the petition the learned court below said that the Act of 1915 'makes no distinction between money voluntarily paid to the wife toward her support and money paid to her under an order of Court. The requirement of the Act is that the husband has not supported nor contributed toward the support of his wife for one year or more. The question of support is the controlling factor and we are of opinion that where the husband has contributed, either voluntarily or by order of Court, toward the support of his wife, she cannot be declared a feme sole trader.'."

". . . The arrearage period of between four and five months is of course less than the period of a year, which is fixed by the statute as one of the essentials to the granting of a feme sole trader's certificate."

In the instant case, the respondent was approximately five months in arrears on his support order. In Walsh's Appeal, supra, the husband was a little over

four months in arrears. Therefore, this court must follow the pronouncement of our Supreme Court in Walsh's Appeal, supra.

Having found that the petitioner is not entitled to be declared a feme sole trader under the terms of the Act of May 28, 1915, P. L. 639, sec. 1, as amended, supra, it is not necessary to consider the second issue in this matter, namely, the constitutionality of the act. We, therefore, make no finding on that question.

For the above reasons, we reluctantly enter the following:

## ORDER

And now, to wit, November 4, 1974, the petition to have rights of feme sole trader under Act of May 28, 1915, P. L. 639, as amended by Act of May 11, 1927, P. L. 971, 48 PS 44, filed by petitioner, Mary Arslanian, is hereby dismissed.